Susan GARGIULO, et al.,
Plaintiffs-Appellants,

v.

L. DELSOLE, et al.,
Defendants-Appellees.

No. 85–7238.

United States Court of Appeals,
Second Circuit.

Argued June 28, 1985.

Decided July 29, 1985.

Sue L. Wise, New Haven, Conn. (Jeffrey J. Drewniany, Williams & Wise, New Haven, Conn., on brief), for plaintiffs-appellants.

Dennis Laccavole, Bridgeport, Conn. (Thomas M. Germain, Bai, Pollock & Dunnigan, Bridgeport, Conn., on brief), for defendants-appellees.

Before KEARSE and CARDAMONE, Circuit Judges, and WYATT, District Judge.*

KEARSE, Circuit Judge:

Plaintiffs Susan Gargiulo and Carmel Eamiello appeal from a final judgment entered in the United States District Court for the District of Connecticut following a bench trial before Thomas F. Murphy, *Judge*, dismissing their action brought under 42 U.S.C. § 1983 (1982). Plaintiffs contend that the court erred in not allowing the case to be tried to a jury. We agree and remand for a jury trial.

* Honorable Inzer B. Wyatt, Senior Judge, South-      ern District of New York, sitting by designation.

## I. BACKGROUND

In response to the complaint filed by the plaintiffs, defendants answered and pleaded several affirmative defenses. On the last page of their answer, just above the date and the signature, defendants demanded a jury trial in the following form:

DEMAND FOR JURY TRIAL:

· The defendants hereby demand trial by jury of all issues in the above case.

No indication was made on the court clerk's docket sheet, however, that a jury trial had been demanded.

Prior to trial, both parties were notified of the trial date in a notice headed "COURT TRIAL CALENDAR ... *November 5, 1984.*" We were advised at oral argument that in local practice this heading is understood to refer to a calendar of nonjury trials. Neither party undertook to call to the court clerk's attention prior to November 5 that a jury trial had been demanded.

On the call of the court's November 5 calendar, defendants' attorney pointed out to the court that defendants had demanded a jury trial in their answer. Plaintiffs' counsel joined in the request that the case be tried to a jury. The court denied the parties' requests and proceeded to try the case without a jury, finding for the defendants.

In a later written Memorandum dated February 28, 1985 ("Memorandum"), the court denied plaintiffs' motion for a new trial before a jury, citing two grounds. First, the court ruled that defendants' demand for a jury trial did not meet the requirements of Fed.R.Civ.P. 38(b), which permits such a demand to be "indorsed" on a party's pleading. The court ruled that "indorsed" means "on the back," whereas defendants' demand was on the front of the last page of the pleading. (Memorandum at 2.) Second, although the court noted that "defendants' attorney protested vigorously that he had demanded a jury trial and wanted one," *id.*, and that "plaintiffs' counsel advised that she joined in the motion for a jury trial and took timely exception that it was to be only a non jury

trial," *id.*, the court found that the parties had waived their right to a jury:

> both counsel could have refused to go to trial without a jury and walked out of the Court without let or hindrance with their witnesses, but they did not. Nor did either complain of the jury's absence in their briefs after trial.
>
> We find they waive their right to a jury. ·

*Id.* at 3.

On appeal, defendants seek to sustain the judgment below on the ground that plaintiffs failed to preserve their right to a jury trial by failing to object to the court notice that the case was on a nonjury calendar. We find no merit in this argument or in the grounds relied on by the district court.

## II. DISCUSSION

■ Fed.R.Civ.P. 38(b) provides that [a]ny party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

The Rule does not state that the demand, if made on the pleading, must be made on the back thereof as the district court found. While the etymology of the word "indorse" suggests a writing on the back, the modern meaning of the word is broad enough to encompass a writing on the face of the document as well. *See Webster's Third New International Dictionary* 749 (3d ed. 1976) ("to inscribe (as an official document) with a title, direction, memorandum, or explanation" (definition 1c)). Indeed, the recommended practice is to write the demand on the first page of the pleading. *See, e.g., Rosen v. Dick*, 639 F.2d 82, 89 (2d Cir. 1980); 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 38.40, at 38–362 (2d ed. 1984). While defendants' demand, made on the last page of their answer, was not in the preferred style, and its

obscure placement perhaps caused the clerk of the court to overlook it, we nonetheless conclude that it complied with Rule 38(b).

 Plaintiffs were, of course, entitled to rely on defendants' jury demand to preserve their own right to a jury trial, *see, e.g., Rosen v. Dick,* 639 F.2d at 91; *State Mutual Life Assurance Co. of America v. Arthur Andersen & Co.,* 581 F.2d 1045, 1050 (2d Cir.1978); 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 38.-43, at 38–391 to 38–394, and we see no basis for a conclusion that they waived it. The right to a jury trial is "fundamental," *Aetna Insurance Co. v. Kennedy,* 301 U.S. 389, 393, 57 S.Ct. 809, 812, 81 L.Ed. 1177 (1937); *National Equipment Rental, Ltd. v. Hendrix,* 565 F.2d 255, 258 (2d Cir.1977); *Heyman v. Kline,* 456 F.2d 123, 129 (2d Cir.), *cert. denied,* 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88 (1972), and waiver is not lightly to be inferred. *See National Equipment Rental, Ltd. v. Hendrix,* 565 F.2d at 258; *Washington v. New York City Board of Estimate,* 709 F.2d 792, 797 n. 4 (2d Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 537, 78 L.Ed.2d 717 (1983). Accordingly, Fed.R.Civ.P. 39(a) provides, in pertinent part, that "[t]he trial of all issues so demanded shall be by jury, unless … the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury…."

There was no such written or oral stipulation on the record in the present case. Indeed, the district court noted the vigor with which defense counsel requested a jury trial and the timeliness of plaintiffs' counsel's exception to the court's ruling. Plaintiffs were not required to walk out of the courtroom rather than to proceed with the bench trial in order to preserve their right to claim on appeal that they had been denied the jury trial that had been demanded. *See, e.g., Palmer v. United States,* 652 F.2d 893, 896 (9th Cir.1981) ("[A] party's acquiescence to the district court's maintenance of a bench trial, without more, is insufficient to establish a withdrawal of a jury demand."); *see also DeGioia v. United States Lines Co.,* 304 F.2d 421, 424 n. 1 (2d Cir.1962) (failure to raise jury demand issue explicitly in subsequent proceedings does not constitute waiver); *EEOC v. Corry Jamestown Corp.,* 719 F.2d 1219, 1225 (3d Cir.1983) (failure to seek mandamus or interlocutory appeal of court's striking of jury demand does not constitute waiver).

CONCLUSION

The judgment of the district court dismissing the complaint is vacated, and the cause is remanded for a jury trial. No costs.