**TRAY–WRAP, INC., Plaintiff–Appellant,**

v.

**SIX L'S PACKING CO., INC.,
Defendant–Appellee.**

**No. 748, Docket 92–7798.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 28, 1992.
Decided Jan. 20, 1993.

**66**

Linda Strumpf, New Canaan, CT, for plaintiff-appellant.

Stephen P. McCarron, Silver Spring, MD (McCarron & Associates, of counsel), for defendant-appellee.

Before OAKES, MINER and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge:

Perhaps the principal contribution of the Common Law to the fact-finding process is the jury trial. It is a right not to be trifled with, witness the Declaration of Independence and its denunciation of King George III: "For depriving us in many cases, of the benefits of Trial by Jury." It is one of the few procedural rights in civil cases that is enshrined in the Constitution. *See* U.S. Const. amend. VII.

Rule 39(a) of the Federal Rules of Civil Procedure assures that the precious right to a jury trial will not be frittered away by casual findings of waiver. The rule prescribes a ceremony to surround a waiver:

> The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury....

Fed.R.Civ.P. 39(a).

The issue before us is whether the plaintiff, which unquestionably had a right to a jury, waived that right in accordance with Rule 39. We hold that it did not.

### FACTS

The transactions underlying this controversy take us into the world of tomato growers and distributors and the exotica of how tomatoes are graded as "U.S. No. 1" or "U.S. Combination grade." The plaintiff, a Bronx distributor, agreed to buy $60,000 of tomatoes from the defendant, a Florida grower. A dispute arose as to the quality of the tomatoes, the upshot being that the seller brought a "reparation proceeding" in the Department of Agriculture, as provided in the Perishable Agricultural Commodities Act ("PACA"). 7 U.S.C. §§ 499a *et seq.* (1988). A Judicial Officer determined that the contract called only for U.S. Combination grade tomatoes, and ordered the Bronx distributor to pay $18,461 and fees, with interest, as prescribed by PACA.

PACA permits the losing party in a reparation proceeding to take an appeal to the district court where it is entitled to a "trial de novo." 7 U.S.C. § 499g(c). The statute also directs that the trial "shall proceed in all respects like other civil suits for damages," which, of course, insures the right to a jury trial. Accordingly, the buyer filed a petition and other necessary papers to mount its appeal in the District Court for the Southern District. It is uncontested that the buyer, as plaintiff, stated in its Petition that "Plaintiff Demands a Jury Trial." This was filed on September 11, 1987. Unhappily, the docket sheet for everything that was filed in the clerk's office before March 20, 1991 when the case was assigned to Judge Cooper has been lost and all attempts to locate the missing pages have failed. Therein lies the problem.

The case had originally been assigned to Judge David N. Edelstein. It was later reassigned to Judge Irving B. Cooper, then back to Judge Edelstein and, finally to Judge Charles M. Metzner. On December 17, 1987, a pretrial conference was conducted before Judge Edelstein by conference call. It was during that conference that the plaintiff is alleged to have waived its right to a jury trial.

Contemporaneously with the pretrial conference, the defendant-seller's attorney made a note that the case was to be a bench trial. Four days later, that attorney wrote a letter to his client advising that the case would be non-jury.

On May 31, 1989, the seller's attorney wrote a letter to Judge Edelstein requesting that the case be set down for trial.

The letter stated, "This is a non-jury trial that will take less than a day." A copy of that letter was sent to plaintiff's attorney, but the plaintiff made no reply to it.

On May 14, 1990, plaintiff's attorney wrote to Judge Edelstein requesting a postponement of an approaching May 30 trial date. The letter stated in the first paragraph, "As your records will indicate, I represent Tray Wrap, Inc. in the above-captioned matter, which has been scheduled for trial *before Your Honor* on Wednesday, May 30, 1990." (emphasis added).

Ten days later, plaintiff's attorney wrote a second letter to Judge Edelstein, reiterating that the pending trial would be "before Your Honor" on May 30, 1990.

When the case went from Judge Edelstein to Judge Metzner, Judge Edelstein appended a note, dated November 19, 1991, indicating that the case was a bench trial.

On March 5, 1992, the defense counsel wrote a letter to Judge Metzner, who then had the case, enclosing counsel's contemporaneous note about the pretrial conference and the letter to his client, both of which are mentioned above. A copy of the letter to Judge Metzner was also sent to the attorney for plaintiff who again filed nothing in reply, but orally advised the court at a pretrial conference on or about March 10, that plaintiff had properly demanded a jury trial, and had never waived that demand. Judge Metzner then advised plaintiff's counsel that her request for a jury trial would be denied, that he would issue a written opinion to that effect, and that she would be permitted to object on the record at the opening of trial.

The case was set down by Judge Metzner for a bench trial on March 16, 1992. At the beginning of the trial, pursuant to the understanding reached at the pretrial conference, the following colloquy occurred between Judge Metzner and Ms. Strumpf, counsel for the plaintiff:

Ms. STRUMP[F]: I would like to make an objection on the record regarding our demand for a jury trial. In our notice of appeal and petition we did demand a jury trial and it is plaintiff/petitioner's con-

tention that we never waived that jury trial at any time in writing or otherwise.

THE COURT: You didn't waive it before Judge Edelstein in a pretrial conference?

Ms. STRUMP[F]: That's correct. We are alleging we did not waive a jury trial at any time.

THE COURT: Was the subject discussed with Judge Edelstein?

Ms. STRUMP[F]: No. I have no recollection of the subject either being discussed with Judge Edelstein or at any other time in any pretrial proceeding in this case, until, of course, it came before your Honor and we had a discussion.

THE COURT: As I indicated, I will file a written memorandum so you will have a complete record.

Judge Metzner issued a memorandum, finding that plaintiff had waived its right to a jury trial. Conceding that Judge Edelstein's illness made it impossible to obtain his personal recollection, and that the court records had been lost, Judge Metzner relied on the crucial note, dated November 19, 1991, in which Judge Edelstein asked to reassign the case and stated therein that it was a bench trial. Judge Metzner also relied on defense counsel's contemporaneous note of the December 1987 telephone conference and his letter to his client mentioned above.

The bench trial was conducted, over the objection of plaintiff, and resulted in a decision affirming the reparation order of the Department of Agriculture. This appeal followed.

### DISCUSSION

■ Defendant reminds us that the standard for appellate review of the factual findings in this case is whether the district court was clearly erroneous. *See Interphoto Corp. v. Minolta Corp.*, 417 F.2d 621, 622 (2d Cir.1969) (per curiam). While true, the statement ignores the defendant's correlative burden. As we have stated, the right to a jury trial is a fundamental right; and purported waivers are to be " 'scrutinized with the utmost care.' " *Heyman v. Kline*, 456 F.2d 123, 129 (2d Cir.) (quoting

*Dimick v. Schiedt,* 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935)), *cert. denied,* 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88 (1972). We have also cautioned that a "waiver is not lightly to be inferred." *Gargiulo v. Delsole,* 769 F.2d 77, 79 (2d Cir.1985).

■ We begin by noting the obvious. The federal rules have cloaked the waiver process in a ritual that is almost sacramental. Fed.R.Civ.P. 39(a) prescribes that a jury waiver be embodied in one of two forms: either a written stipulation filed with the court or "an oral stipulation made in open court and entered in the record." There was neither here.

Defendant seeks to cobble a written stipulation out of plaintiff's two letters to Judge Edelstein in May 1990 in which plaintiff conceded that the impending trial would be "before Your Honor." Whether there was a jury or not, the trial was indeed scheduled to be before Judge Edelstein and, thus, the statement is neutral on the question of waiver. It is less a leap of logic than a leap of faith to find these letters to be a stipulation waiving a jury trial.

Similarly, defendant believes there was an oral stipulation in open court during the conference call of December 17, 1989. Prescinding from the question whether a conference call (made without a court reporter present) can fairly be regarded as "open court," there is simply no way to conclude that the waiver was "entered in the record." Judge Edelstein's note cannot be regarded as the record contemplated by Rule 39. Certainly, when dealing with so fundamental a right as a jury trial, such informality flies in the teeth of the meticulous provision made in Rule 39 for jury waivers.

We have held in the past that in addition to a waiver that conforms exactly with Rule 39(a), "the right to jury trial may be waived by conduct of the parties." *Royal American Managers, Inc. v. IRC Holding Corp.,* 885 F.2d 1011, 1018 (2d Cir.1989) (citing 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2321 at 102 (1971)). Here too, however, the conduct said to constitute a waiver must be clear and unequivocal, as waivers are never to be lightly inferred.

Judge Metzner expressly found "that the plaintiff waived its right to a jury trial at the pretrial conference held on December 17, 1987." The reference is to the telephone conference conducted by Judge Edelstein. We are not persuaded.

Unfortunately, it has proven impossible to reconstruct what went on during that conference. Plaintiff denies having agreed to waive a jury and, indeed, has no recollection that the subject was even discussed. Judge Metzner relied on defense counsel's contemporaneous note of the conference and subsequent letter to his client, and also relied on the note made by Judge Edelstein that the trial was to be nonjury—a note concededly made almost four years after the conference call. The defendant points to the plaintiff's failure to object to the representation in his May 31, 1989 letter that the trial was to be non-jury as additional evidence of plaintiff's waiver.

Neither Judge Edelstein nor Judge Metzner ever made factual findings as to counsels' conduct at the hearing. We do not know, for example, whether plaintiff's counsel affirmatively stipulated to a bench trial or merely fell silent when the matter was discussed. Indeed, there has never been any explicit factual finding as to the extent to which the matter was discussed at the conference. It is impossible to construct a waiver on so skimpy a record.

A similar problem arose in *Gargiulo v. Delsole,* 769 F.2d at 78, where the defendants placed their demand for a jury trial on the last page of their answer, and no indication was made on the court clerk's docket sheet that a jury trial was demanded. Prior to trial, both parties were notified of the trial date in a notice headed "Court Trial Calendar ... November 5, 1984." *Id.* In local practice, that heading was understood to refer to the calendar for non-jury trials. The district court held that, although the defendants had made a proper jury demand in their answer, they waived their right to a jury by failing to object to the scheduling notice, and by par-

ticipating, without objection, in the bench trial. *Id.* at 78–79. We reversed.

Noting that there was no written or oral stipulation on the record as required by Rule 39(a), we concluded that the plaintiffs' failure to object more strenuously to the bench trial did not constitute a waiver. *Id.* at 79. Here, of course, plaintiff did register an objection to a bench trial before Judge Metzner started the trial. That objection also distinguishes this case from *Royal American Managers, Inc.*, 885 F.2d at 1011, 1018–19, where a waiver was found when plaintiff submitted to a bench trial without ever objecting. *See also Lovelace v. Dall*, 820 F.2d 223, 227–29 (7th Cir.1987) (per curiam) (while entry in minutes of pre-trial conference indicating that the matter would be set for a non-jury trial was insufficient to support a waiver under Rule 39(a), the party's failure to object to such a trial on the day of the trial did constitute waiver); *Fields Eng'g & Equip., Inc. v. Cargill, Inc.*, 651 F.2d 589, 592 (8th Cir.1981) (pretrial order, to which party seeking jury trial did not object, recited that waiver of jury trial had been stipulated to in pretrial conference).

The long and the short of it is that Rule 39 was ignored and no formal waiver was executed thereunder. While informal waivers are possible, it is impossible on this record to find such a waiver.

## CONCLUSION

As we stated in *Heyman v. Kline*, 456 F.2d at 129 (citations omitted): "The right to a jury trial is too important ... and the usual procedure for waiver of the right too clearly set out by the Civil Rules for courts to find a knowing and voluntary relinquishment of the right in a doubtful situation."

Reversed and remanded for a jury trial.