**Ellis O. PARTEE, Plaintiff–Appellant,**

v.

**James BUCH, Assistant Warden,
Defendant–Appellee.**

No. 92–2209.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 15, 1994.

Decided June 30, 1994.

Robert J. Palmer, Daniel Hargreaves, and Perry Flaugh, Law Students (argued), May, Oberfell & Lorber, South Bend, IN, for plaintiff-appellant.

Brian F. Barov, Office of Atty. Gen., Crim. Appeals Div., John P. Schmidt (argued), Office of Atty. Gen., Civ. Appeals Div., Chicago, IL, for defendant-appellee.

Before COFFEY and FLAUM, Circuit Judges, and MORAN, District Judge.*

COFFEY, Circuit Judge.

Appellant, Ellis Partee, filed a civil rights action under 42 U.S.C. § 1983 against the appellee, James Buch, the assistant prison warden at the Menard Correctional Center of the Illinois Department of Corrections. Partee alleges that Buch discriminated against him by removing him from his prison job assignment on the basis of race, and further, alleges that Buch conspired with other inmates to assault or murder Partee. Both the plaintiff and the defendant filed motions for summary judgment which were denied by the U.S. magistrate judge.[1] Partee also filed motions (3) for appointment of counsel which were denied by the magistrate judge.

In the defendant's answer to the plaintiff's complaint, the defendant requested a jury trial but failed to set forth the request in the caption of his answer as required by Southern District of Illinois Local Rule 5(f) (since amended). Having knowledge that the defendant had filed a jury demand in his pleading,[2] the plaintiff, Partee, was entitled to rely on the defendant's jury demand and was not required to file a separate jury demand on his own. Fed.R.Civ.P. 38(d) ("[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties"); *Gargiulo v. Delsole,* 769 F.2d 77, 79 (2d Cir.1985) ("[p]laintiffs were, of course, entitled to rely on defendant's jury demand

---

*The Hon. James B. Moran, Chief Judge of the Northern District of Illinois, is sitting by designation.

1. Both parties consented to having the case heard by a U.S. magistrate judge pursuant to 28 U.S.C. § 636(c).

2. The defendant certified that a copy of the answer, containing the jury demand, was served on the plaintiff pursuant to Fed.R.Civ.P. 5(a).

to preserve their own right to a jury trial"). Despite the defendant's jury demand in his answer, the case was set to be heard without a jury (before the magistrate). Thus, on February 5, 1992, Partee filed a motion to place the action on the court's docket as a jury trial. The magistrate denied this motion on February 6, 1992 ruling that Partee's jury demand was untimely and that Buch's jury demand was improper because he failed to include the jury demand in the caption of his answer. Thereafter, the magistrate held a two-day bench trial. During the trial the defendant moved for a directed verdict but the court never ruled on the motion. At the conclusion of the trial, the magistrate issued his written findings of fact and conclusions of law on March 24, 1992. The magistrate's decision found in favor of Buch on all counts. Partee filed a timely notice of appeal and the case was assigned to the Rule 34(f) docket.[3] Following the Rule 34 conference this court issued an order setting the case for oral argument. We directed the parties to file supplemental briefs addressing the question of whether Southern District of Illinois Local Rule 5(f) was in conflict with Federal Rule of Civil Procedure 38, and, if Rule 5(f) was valid, whether forfeiture of a jury trial for non-compliance with 5(f) has the appropriate sanction.

### ISSUES

Did the jury demand in this case comply with Rule 38(b) of the Federal Rules of Civil Procedure? Secondly, if the court erred in declining to hold a jury trial, was the error harmless?

### DISCUSSION

#### A. Jury Demand

■ The right to a jury trial is guaranteed in the Seventh Amendment of the U.S. Constitution, "In Suits at common law, ... the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States,

than according to the rules of the common law." U.S. Const. amend. VII. Rule 38 of the Federal Rules of Civil Procedure explains how a party obtains a jury trial:

"(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

\* \* \* \* \* \*

(d) Waiver. The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

Fed.R.Civ.P. 38.

The Federal Rules of Civil Procedure permit the district courts to adopt local rules governing court procedures:

"Each district court by action of a majority of the judges thereof may from time to time, after giving appropriate public notice and an opportunity to comment, make and amend rules governing its practice not inconsistent with these rules."

Fed.R.Civ.P. 83.

Pursuant to Rule 83, the judges of the Southern District of Illinois adopted Local Rule 5(f) governing a party's demand for a jury trial. Local Rule 5(f) provides: "If a demand for jury trial under Rule 38 of the Federal Rules of Civil Procedure is indorsed upon a pleading; the title of the pleading shall include the words 'and Demand for Jury Trial.' "[4] If Local Rule 5(f) is inconsis-

---

3. Circuit Rule 34(f) permits the court to decide an appeal without hearing oral argument. *See also* Fed.R.App.P. 34(a) (setting forth when oral argument is necessary).

4. Shortly after the magistrate judge held the bench trial, the Southern District of Illinois amended its rules governing jury trial demands. The new rule now states:

tent with Fed.R.Civ.P. 38(b), it cannot be enforced. *See* 28 U.S.C. § 2071; *Colgrove v. Battin,* 413 U.S. 149, 163 and n. 22, 93 S.Ct. 2448, 2456 and n. 22, 37 L.Ed.2d 522 (1973).

In this court's order of August 26, 1993, we instructed counsel for each party to consider two Ninth Circuit cases, *Pradier v. Elespuru,* 641 F.2d 808 (9th Cir.1981) and *Rutledge v. Electric Hose & Rubber Co.,* 511 F.2d 668 (9th Cir.1975). Each of those cases also involved a situation where a jury trial was denied due to a litigant's failure to comply with the local rule requirement of noting the jury trial demand in the caption of a pleading. In *Rutledge,* the court held that the party failed to make a proper jury demand under Fed.R.Civ.P. 38(b) and thus the trial judge properly denied the jury request. The Ninth Circuit decided *Pradier* after *Rutledge* and criticized but did not overrule *Rutledge.* In *Pradier,* the party made a proper jury demand under Rule 38(b) "but the additional requirement of placing a notation in the title was not met." *Pradier,* 641 F.2d at 811. The court held

> "The demand for a jury trial having been properly made under Fed.R.Civ.P. 38(b), the failure to fulfill an additional requirement of a local rule to place a notation to that effect in the title cannot constitute a waiver of a trial by jury. Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Consti-

tution, courts should indulge every reasonable presumption against waiver. *See Aetna Insurance Co. v. Kennedy,* 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177 (1937); *Local 783, Allied Industrial Workers v. General Electric Co.,* 471 F.2d 751, 756 (6th Cir.), *cert. denied,* 414 U.S. 822, 94 S.Ct. 120, 38 L.Ed.2d 55 (1973); *Heyman v. Kline,* 456 F.2d 123, 129 (2d Cir.1972), *cert. denied,* 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88 (1972).

*Id.*

The case before us is indistinguishable from *Pradier;* thus, we choose to adopt the reasoning in that case (1) because there was a proper jury demand under Rule 38(b) which Local Rule 5(f) could not invalidate,[5] and (2) because the right to a jury trial is "fundamental," *Aetna Insurance Co. v. Kennedy,* 301 U.S. 389, 393, 57 S.Ct. 809, 811–812, 81 L.Ed. 1177 (1937), waiver will not be lightly inferred. In this instance, the defendants requested a jury in their answer in full compliance with Rule 38(b) and the plaintiff was entitled to rely on that jury trial demand. *Gargiulo v. Delsole,* 769 F.2d 77 (2d Cir.1985) (holding "[p]laintiffs were, of course, entitled to rely on defendant's jury demand to preserve their own right to a jury trial"). Thus, the magistrate erred in declining to hold a jury trial. The second question, though, is whether that error was harmless.

---

> "If a party demands a jury trial by indorsing it on a pleading, as permitted by Rule 38(b) of the Federal Rules of Civil Procedure, a notation shall be placed on the front page of the pleading, immediately following the title of the pleading, stating "Demand for Jury Trial" or an equivalent statement. This notation will serve as a sufficient demand under Rule 38(b). Failure to use this manner of noting the demand will not result in a waiver under Rule 38(d)."

Southern Dist. of Illinois, Local Rule 4(d).

5. The Second Circuit held in *Gargiulo v. Delsole,* 769 F.2d 77 (2d Cir.1985), that even if a party demands a jury on the last page of a pleading it is still sufficient to satisfy Rule 38(b)'s requirement that "such demand may be indorsed upon a pleading of the party." The court, in *Gargiulo,* held that "the recommended practice is to write the demand on the first page of the pleading.... While defendant's demand, made on the last page of their answer, was not in the preferred style, and its obscure placement perhaps caused the clerk of the court to overlook it, we nonethe-

less conclude that it complied with Rule 38(b)." *Id.* at 78–79. In *Drone v. Hutto,* 565 F.2d 543 (8th Cir.1977), the Eighth Circuit held that the trial court improperly denied a pro se plaintiff's jury demand merely because he failed to follow the local rule stating that "it will be helpful if demands for jury trial are made separate from the complaint or answer filed in any cause." The court held that the failure to comply with such a rule does not constitute waiver of a right to jury trial when one has been demanded in accordance with Fed.R.Civ.P. 38(b). Finally, in *Chapman v. Kleindienst,* 507 F.2d 1246, 1253 (7th Cir.1974), this court held that the trial court erred in not holding a jury trial when a pro se litigant only made reference to his jury demand in paragraph 34(b)(7) of his complaint. We stated that "while ... burying the jury demand in the complaint is not the best practice, the court and its staff have a special responsibility to scrutinize carefully pro se complaints for just such infirmities." *Id.*

### B. Was the Error Harmless?

■ Having concluded that the court erred in denying the demand for a jury trial, we address the question of whether the error was harmless. *See, e.g., Laskaris v. Thornburgh,* 733 F.2d 260, 264 (3d Cir.) (holding "[e]rror in striking the demand for a jury trial is harmless if a directed verdict for the defendant would have been warranted), *cert. denied,* 469 U.S. 886, 105 S.Ct. 260, 83 L.Ed.2d 196 (1984). In this instance, the defendant moved for a directed verdict during the bench trial, but the magistrate judge never ruled on the motion. On appeal, both parties present arguments as to the merits of the directed verdict motion. Rather than speculating on whether the magistrate judge intended to grant the motion for a directed verdict,[6] we remand the case for him to make that determination. If the magistrate determines that the plaintiff's case survives the directed verdict motion then a jury trial must be held. If he decides to grant the defendant's directed verdict motion, then the failure to conduct a jury trial was harmless. We, therefore, reverse and remand for proceedings consistent with this opinion.

REVERSED AND REMANDED.

6. The transcripts were not part of the record on appeal.