Leonard R. KAHN, Plaintiff,

v.

**GENERAL MOTORS CORPORATION, Defendant.**

No. 88 Civ. 2982 (HB).

United States District Court, S.D. New York.

Oct. 23, 1994.

Miller & Holbrooke, Washington, DC (William Malone, of counsel), for plaintiff.

Kirkland & Ellis, Chicago, IL (Robert G. Krupka, Linda S. Resh, of counsel), for defendant.

**OPINION AND ORDER**

BAER, District Judge.

This 1988 complex patent infringement and tortious interference action involving AM radio technology has been transferred to me for trial. On the eve of trial, three issues remained for decision: plaintiff's alleged waiver of his jury demand, defendant's request for a separate hearing on the issue of patent ownership, and plaintiff's motion for permission to supplement his complaint. I will address each motion in turn.

## I. JURY WAIVER

### A. Factual Background

Defendant General Motors Corporation ("GM") contends that plaintiff Leonard R. Kahn ("Kahn") waived his right to a jury trial. Mr. Kahn denies that his waiver was effective, and even if the waiver was effective it was made subject to the condition that Judge Pierre N. Leval, to whom the case was assigned at the time, personally conduct the bench trial. In its six-year history this case has been assigned to six different judges. Kahn proposed a bench trial in a December 6, 1991 letter to Judge Leval. That letter stated:

> [t]he only condition the plaintiff requests is that Judge Leval personally conduct the bench trial. The plaintiff, however, assumes that by waiving his right to a jury trial (and any bias in his favor that might ensue) he will not be penalized in terms of further delay.[1]

GM argues that there can be no conditional waiver. Further, GM urges that in any event Kahn's March 17, 1992 letter to Judge Leval disposes of the matter since that communication fails to mention any condition. There Kahn wrote:

> The plaintiff originally requested a jury trial, but ... the case has grown in size and complexity exponentially to the point that the plaintiff now believes a bench trial is preferable.[2]

---

1. Ex. B to GM's memorandum in support of its position that Mr. Kahn has waived his jury demand, December 6, 1991 letter from L. Kahn to Judge Leval.

2. March 17, 1992 letter from L. Kahn to Judge Leval, Ex. A to GM's Memorandum in Support of its Position that Mr. Kahn has Waived his Jury Demand.

Kahn further noted in the same letter that he may be giving up a potential advantage:

> ... the plaintiff with full recognition of the advantages of *"Little Guy v. Big Guy"* jury trials, respectfully request *this specific court* to expeditiously conduct a bench trial.[3]

Kahn reaffirmed during his deposition on May 24, 1993, for the third time in three successive years, that this case was to be a bench trial.

Mr. Kahn: .... As you know, I haven't asked for a jury.

Mr. Krupka: I understand that. (GM's counsel)

Mr. Kahn: You haven't responded to that, but I assume you want a bench trial. It would be kind of amusing that General Motors would want a jury, but I would not have done that.

By the way everybody who I talked to said you are crazy. You are going to take a Judge? Well, I would rather have a Judge who is.... an intelligent man do it, if I believe in my cause. If I didn't believe in my cause, I could win by whistling dixie to the right jury, and you know it and I know it.[4]

In a September 23, 1993 pretrial hearing, Judge Leval asked if this case was a jury trial. Mr. Krupka, counsel for GM, responded "No, sir."[5] Kahn said nothing to the contrary. Judge Leval ordered the parties to prepare pretrial documents required for a bench trial, including a pretrial order, a trial memoranda, and proposed findings. These documents would not be necessary or appropriate for a jury trial. The parties have not submitted proposed voir dire questions or jury instructions.

## B. Discussion

To decide whether this case shall be tried to a jury or to the court, I must determine first whether Kahn effectively waived his jury demand before Judge Leval, and second,

whether it is possible to waive a jury demand conditioned on a bench trial before a specific judge. I conclude that Kahn did waive his jury demand, and that the condition is unenforceable.

### 1. The Waiver

■ Federal Rule of Civil Procedure 39(a) governs waivers of jury demands. It provides in pertinent part:

> The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury....

Kahn urges a formalistic application of this rule. In his view the parties made neither a "written stipulation filed with the court" nor an "oral stipulation made in open court and entered in the record" and therefore no waiver could have occurred. In my view, keeping in mind the constitutional guarantee to a jury trial, the cases interpreting Fed.R.Civ.P. 39(a)(1) have taken a less literal approach.

The Second Circuit pronouncement on this issue and cases from other circuits support the proposition that a demand for a jury trial can be waived by the conduct of the parties in a variety of ways. *Royal American Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d Cir.1989) (failure to object and acquiescence in nonjury proceedings constitutes a waiver of the right to a jury trial). The Eighth Circuit has held that a plaintiff had waived the jury demand by orally consenting at a pretrial conference to a bench trial. *Fields Engineering & Equipment, Inc. v. Cargill, Inc.*, 651 F.2d 589, 592 (8th Cir.1981). It was "immaterial" that the waiver was not made on the record since it was recorded in the pretrial order. *Id.; see also United States v. Missouri River Breaks Hunt Club*, 641 F.2d 689, 693 (9th Cir.1981) (A "district judge's statement that the par-

---

3. *Id.*, (emphasis added).

4. Ex. E to GM's memorandum in support of its position that Mr. Kahn has waived his jury demand, Kahn 5/24/93 Dep. p. 529, ln. 19—p. 530, ln. 15.

5. 9/23/93 Hearing transcript p. 4, lns. 14–15, Ex. F to GM's Memorandum in Support of its Position that Mr. Kahn has Waived his Jury Demand.

ties had agreed to submit the case to the court on the record was sufficient to constitute 'an oral stipulation made in open court and entered in the record' as required by Fed.R.Civ.P. 39(a) for a valid waiver of the jury trial right.").

Kahn cites dictum in *DeGioia v. United States Lines Co.*, 304 F.2d 421, 424 n. 1 (2nd Cir.1962) to support his narrow interpretation of rule 39(a). That case is inapposite. *Cf. Royal American Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d Cir. 1989) (distinguishing *DeGioia*). Kahn also mistakenly relies on *Lovelace v. Dall*, 820 F.2d 223, 227–29 (7th Cir.1987) where the entry "Jury demand may be withdrawn" in the minutes of the pretrial conference was held to be insufficient evidence of plaintiff's alleged waiver. In *Tray–Wrap, Inc. v. Six L's Packing Co., Inc.*, 984 F.2d 65, 68 (2nd Cir.1993) the Second Circuit reversed a finding of waiver based on ambiguous language in two letters to Judge Edelstein in which plaintiff stated that the trial would be "before Your Honor." Similarly, the court held that unrecorded statements in a telephone conference with Judge Edelstein could not be regarded as a waiver "in open court" that was "entered in the record." *Id.* The evidence of Kahn's waiver is much stronger. In *Tray–Wrap* it proved "impossible to reconstruct what went on during that conference." *Id.* The content of Kahn's letters, his deposition testimony and his silence at the pretrial conference clearly show a reasoned waiver.

■ In certain circumstances I would take an indulgent view of the procedural mistakes of *pro se* litigants. However, I do not believe Kahn made a mistake. The record shows that Kahn knew exactly what he was doing. Nor am I troubled that Kahn represented himself during the almost two years in which he wrote the two letters and attended the deposition and the pretrial conference in which he waived his jury demand. Kahn's March 17, 1992 letter demonstrates that he knew he was giving up the "advantages of '*Little Guy v. Big Guy*' jury trials" because he thought the "size and complexity" of the case made a bench trial "preferable." Kahn does not deny GM's claim that he was assist-

ed by a number of lawyers, that he completed one year of law school, is a patent agent, and successfully argued an appeal before the Court of Appeals for the Federal Circuit. Furthermore, the briefs prepared in this motion by Kahn's current counsel do not claim that Kahn was incompetent or disadvantaged while acting *pro se*. Furthermore, *pro se* litigants are not treated differently with regard to waiver of jury right. *See e.g., McCarthy v. Bronson*, 906 F.2d 835 (2d Cir. 1990), *aff'd*, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991); *Washington v. New York City Board of Estimate*, 709 F.2d 792, 797–98 (2d Cir.), *cert. denied*, 464 U.S. 1013, 104 S.Ct. 537, 78 L.Ed.2d 717 (1983); *Lovelace*, 820 F.2d at 228; *Molinaro v. Watkins–Johnson CEI Division*, 60 F.R.D. 410, 414 (D.Md.1973).

I am mindful that "as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 811–812, 81 L.Ed. 1177 (1937). Nevertheless, Kahn's letters to Judge Leval, and the statements in deposition and during the pretrial conference permit no "reasonable presumption against waiver." Kahn clearly sought to waive his jury demand by requesting a bench trial before Judge Leval, GM agreed to the waiver, and the record contains ample evidence of the waiver. These facts, in my view, satisfy the requirement of Rule 39(a) that jury demand waivers be made by written or oral stipulation entered in the record. Kahn waived his jury demand both in writing and orally.

## 2. *Enforceability of the Condition*

■ Whether the condition Kahn purported to impose on his waiver (that Judge Leval personally try the case) is enforceable appears to present a question of first impression. Rule 39(a) provides no guidance. The parties have found no authority on this question in civil cases. My own research and Kahn's brief have revealed only a few criminal cases. These are inapposite both because their facts differ significantly from Kahn's waiver, and because of the inherent differences between the right to a jury trial in civil and criminal cases.

GM contends that Kahn abandoned his condition by failing to explicitly repeat it in each communication regarding the waiver. Kahn's 1991 and 1992 letters which request that Judge Leval "personally" and "this specific court" try the case effectively state the condition. In his 1993 deposition Kahn stated that he preferred a bench trial before Judge Leval because Kahn considered him "an intelligent man." Clearly Kahn did not abandon the condition he first attempted to impose in his December 6, 1991 letter to Judge Leval.

Since Kahn did not abandon his condition, I must decide whether Rule 39(a) permits such a conditional waiver. In the absence of binding case law I turn to the policies underlying the Federal Rules of Civil Procedure. Rule 1 provides that the Rules' "shall be construed and administered to secure the just, speedy and inexpensive determination of every action."

> I think rule 38 providing for the waiver of a jury trial ... is an illustration of the general policy of interpretation announced in rule 1. It is a matter of common experience that in civil cases, particularly those of a contractual nature, a nonjury trial can fairly and properly be concluded in substantially less time than is usually required in a jury case. And it should also not be overlooked that, especially where there is a considerable number of cases pending on the docket ready for trial, the time unnecessarily consumed in the trial of a particular case delays the trial of subsequent cases. And it is also to be remembered that needlessly longer trials usually involve more expense to litigants and to the government which freely provides the courts for the litigants.

*Segal v. American Casualty Co.,* 250 F.Supp. 936, 940 (D.Md.1966); *see also Malbon v. Pennsylvania Millers Mutual Ins. Co.,* 636 F.2d 936, 940 (4th Cir.1980). While a truly "speedy" determination of this 1988 case is already beyond our reach, permitting a party to enforce a condition such as the one urged here would cause prejudice, delay and inefficiencies for the litigants and the court. Such conditional waivers would also be unjust to parties who in reliance on waiver prepare for bench trials. This position seems appropriate despite the unique presence Judge Leval lent to the District Court and continues to lend to the Court of Appeals.

The transcript of Judge Leval's September 23, 1993 pretrial conference reveals that the parties had completed discovery. Judge Leval ordered them to prepare a pretrial order, trial memoranda and proposed findings for a bench trial. The parties submitted these papers. As a newly appointed judge, I have what I am confident is the temporary luxury of a relatively open calendar. Therefore, I gave the parties what they sought and deserved—a firm trial date a few weeks away. To convert this case back into a jury case, almost three years after the waiver, would significantly delay the trial. It would also waste the effort spent preparing the pretrial order, the memoranda, and the proposed findings. GM also claims that it would be prejudiced because it would have conducted discovery differently for a jury trial. Kahn does not dispute this. Clearly the delay, cost and injustice of permitting Kahn to enforce the condition on his waiver would be substantial. Concern for judicial economy must play an important role in the determination of whether a plaintiff effectively waived the jury demand under Rule 39(a). *Lovelace,* 820 F.2d at 228.

Kahn's papers do not even claim that he would be prejudiced by a bench trial. Kahn cannot claim prejudice because he convincingly argued in his letters and deposition that he would benefit from a bench trial because of the complexity of this patent case. Furthermore, Kahn knew full well the potential advantages of a jury trial he surrendered through the waiver.

To permit parties to condition jury waivers on having a bench trial before a specific judge would not only corrupt the assignment system in this district but, would disrupt the orderly management of cases generally throughout the Federal courts. It is a basic proposition that all district judges are equal [6] and that litigants have no right to choose a particular judge once a case has been filed.

---

6. Judith Resnik, *Managerial Judges,* 96 Harv. L.Rev. 374, 434 (1982).

The Rules for the Division of Business Among District Judges in this District embody these principles. Cases generally are assigned by lot to one judge for all purposes, and may not be dismissed for the purpose of obtaining a different judge. (Rules 1, 4(b), 8). Cases are assigned by lot to new district judges from the docket of other judges. (Rule 12). Litigants know that long pending civil cases may frequently be transferred from one judge to another for disqualification, death, illness, and resignation of a judge. (Rules 18, 19). Cases are also transferred when judges assume senior status and whenever visiting judges come and go. (Rules 14, 17).

Judge Leval's elevation to the Court of Appeals and the appointment of eight new district judges in the space of a few months necessitated the reassignment of this case and many others. Enforcing Kahn's condition would create obstacles to necessary reassignments and cause delay and inefficiency prejudicing other parties. Discouraging conditions such as this will avoid judge shopping and encourage parties to decide whether to waive a jury considering substantive issues such as the complexity of the case, rather than the perceived advantage of a particular judge.

## II. SEPARATE HEARING ON THE ISSUE OF PATENT OWNERSHIP

██ Rule 42(b) of the Federal Rules of Civil Procedure provides that "the court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial ... of any separate issue." Whether Kahn owns the patent in suit is separate from the infringement questions. Indeed, Kahn's standing to sue for infringement depends on preliminary proof of his title to the patent. *Arachnid Inc. v. Merit Industries Inc.*, 939 F.2d 1574, 1579 (Fed. Cir.1991). If Kahn does not own the patent, the parties will have saved the substantial cost of preparing for and conducting the trial on the infringement issues. If Kahn prevails on the title issue, the half-day trial will not have been in vain, and the parties can prepare for the final showdown. Requiring the parties to prepare to try the whole case at once would be unreasonable and wasteful. The ownership issue will therefore be severed and tried separately.

## III. THE SUPPLEMENTAL COMPLAINT

██ Federal Rule of Civil Procedure 15(d) provides in pertinent part:

the court may, ... upon such terms as are just, permit the party to serve a supplemental pleading setting forth ... events which have happened since the date of the pleading sought to be supplemented.... If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

This Court has broad discretion to allow supplemental pleadings. *See* 1963 Advisory Committee Notes on Rule 15(d). Courts grant leave to supplement pleadings to promote the just disposition of a case, without causing undue delay or trial inconvenience, or prejudicing the parties. *United States v. Local 560 (I.B.T.),* 694 F.Supp. 1158 (D.N.J. 1988); *Nottingham v. Peoria,* 709 F.Supp. 542 (M.D.Pa.1988). Kahn merely seeks to supplement his complaint to allege continuing infringements by changing a date. This supplemental pleading will not introduce new issues into the case, cause delay or prejudice the defendant. Accordingly, I grant Kahn's motion to supplement his complaint pursuant to Fed.R.Civ.P. 15(d).

### CONCLUSION

For the reasons set forth above, I hold that: Kahn waived his jury demand; Kahn's purported condition is unenforceable; the title issue will be severed and tried before the other issues; and Kahn may supplement his complaint to allege continuing infringement.

**SO ORDERED**