[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO RESTORE CASE TO JURY DOCKET
The plaintiff in this case seeks damages for injuries he allegedly sustained In a motor vehicle accident which occurred on September 13, 1992 in New Haven. When the pleadings were closed, the plaintiff claimed the case to the jury docket. On March 5, 1996, with the consent of counsel for all parties, the matter was stricken from the jury docket and ordered placed on the nonjury trial list. The defendant has now moved to have the case restored to the jury docket.
According to the parties, the decision to remove the case from the jury docket arose in March of 1995 on the day when the case had been scheduled for trial. Following a pretrial conference, the parties agreed that an effort should be made to resolve the case through Alternative Dispute Resolution (ADR). It was apparently the understanding of the parties that in order for CT Page 656 the case to proceed to ADR, it would first have to be removed from the jury docket. This was eventually accomplished, as indicated above, but not until March of 1996.
For reasons that have not been made clear to the court, Alternative Dispute Resolution failed to produce a settlement of this case. The plaintiff has now moved to have the case heard by the court, rather than by a jury, claiming that both parties consented to the removal of the case from the jury docket and that this consent constituted a waiver of the right to a jury trial. He stresses that it was he who claimed the case to the jury docket to begin with and that, particularly under those circumstances, the defendants have no basis for claiming a jury trial at this time.
It is worth recognizing at the outset that this case was properly claimed for a jury trial as provided by General Statutes § 52-215[1]. The principal question before the court at this time is whether the activities that culminated in the case's being stricken from the jury docket in March of 1996 constituted a waiver of the right to a jury trial.
"The constitution of Connecticut, article first, § 19, states that [t]he right of trial by jury shall remain inviolate." (Internal quotation marks omitted.) Skinner v. Angliker,211 Conn. 370, 373-74, 559 A.2d 701 (1989). The Connecticut Supreme Court has held, however, that "the right to a jury trial is a right which, like other rights, may be waived but that . . . waiver . . . is not to be inferred without reasonably clear evidence of intent to waive." Krupa v. Farmington River PowerCo., 147 Conn. 153, 156, 157 A.2d 914 (1959), cert. denied,364 U.S. 506, 81 S.Ct. 281, 5 L.Ed.2d 258 (1960). See, also, General Statutes § 51-239 (b).[2]
As to the issue of waiver, the parties neither offered testimony nor requested an evidentiary hearing, but rather relied on the record as it appears in the file. In reviewing the file, it is important to note that the plaintiff's motion to strike case from jury docket, filed May 15 1995, recites the following:
 "1. On March 24, 1995, the court had scheduled a jury trial for the above entitled case.
 2. On that day the Administrative Judges decided that this case would be better handled through Alternative Dispute CT Page 657 Resolution.
3. The parties have assented to this.
 4. The undersigned was informed by the ADR clerk that in order for the ADR to go forward this case must be struck from the jury docket and placed upon the court trial docket. Hence this motion."
Nowhere in this motion, or in any other pleading leading up to the striking of the case from the jury docket, is there any specific mention of a "waiver" of the right to a jury trial, either by the plaintiff or by the defendant. The parties have not made clear which form of Alternative Dispute Resolution they planned to pursue[3], but although the they apparently assumed that the case had to be stricken in order to proceed with whatever form of ADR they had contemplated, this court is aware of no rule or statute that requires a waiver of the right to jury trial in order to proceed with ADR.
General Statutes § 52-235c provides:
 The court may, upon stipulation of the parties, refer a civil action to an alternative dispute resolution program agreed to by the parties. The court shall not in any way impact or influence the alternative dispute resolution program selected by the parties. The court shall set a time limit on the duration of the referral, which shall not exceed ninety days. Such referral shall stay the time periods within which all further pleadings, motions, requests, discovery and other procedures must be filed or undertaken until such time as the alternative dispute resolution process is completed or the time period set by the court has elapsed, whichever occurs sooner.
Practice Book § 546T, Alternative Dispute Resolution, provides:
 The court may, upon stipulation of the parties, refer a civil action to a program of alternative dispute resolution agreed to by the parties. The court shall set a time limit on the duration of the referral, which shall not exceed ninety days. The referral of an action to such a program will stay the time periods within which all further pleadings, motions, requests, discovery and other procedures must be filed or undertaken until such time as the alternative dispute resolution process is completed or the time period set by the court has elapsed, CT Page 658 whichever occurs sooner. Such referred action shall be exempt from the dormancy program during the time of the referral.
Although each of these provisions provides for a stay of certain proceedings, there is no requirement of a jury trial waiver.
One assumes, in the absence of any rule or statute requiring that a case be so stricken from the jury docket in order to enter ADR, that the "requirement" that this case be so stricken was actually one of administrative convenience. Anyone who is familiar with current civil jury case backlogs will appreciate the statistical significance of removing a case from an overcrowded jury docket, and the available evidence is that the parties merely acquiesced in a procedure that the presiding judge made a prerequisite to ADR. Under all these circumstances, although the plaintiff's current insistence that the matter go forward as a court trial might represent his present desire to waive a jury, there is no basis upon which this court can conclude that the defendants have ever waived their right to a jury trial.
Apart from the immediate issue of restoration to the jury docket, this case raises questions about how best to handle matters in which the parties seek an opportunity to resolve their disputes through Alternative Dispute Resolution mechanisms. Where the parties have agreed to submit to binding arbitration and have entered a contract to stipulate to a judgment that conforms to the arbitrator or arbitrators' decision, there is no reason not to remove such a case from the jury docket, or from the court docket, for that matter, while the arbitration process unfolds, as long as there is a reasonable but finite period set for completion of the arbitration process. In contrast, when parties agree to engage in arbitration pursuant to General Statutes § 52-549u, a procedure in which any party dissatisfied with the arbitrator's decision may request a trial de novo, including one before a jury, it cannot be said that there is no danger in striking a case from the court or jury docket. Because of the prevailing backlog, such a case, once removed from such a docket, may have to wait for months before a new trial date is set.
In cases where the parties seek to resolve their differences through mediation, which is by definition non-binding, removing a case from the trial docket not only encourages delay, but may even discourage settlement. The conventional wisdom of both bench and CT Page 659 bar suggests that the single most important factor in promoting settlement is imminent exposure to trial. Assuming that the conventional wisdom is correct striking a case from the trial docket while mediation is pursued, thereby rendering the settlement process open ended, runs the risk of retarding the prospects of prompt settlement through ADR by removing the imminence of trial as a motivating factor. Indeed, that is exactly what appears to have happened here.
A better approach would appear to be to continue the trial date for a period of up to 90 days, as suggested by General Statutes § 235c and Practice Book § 546T, while maintaining the case's position on a trial date or week certain list. This method provides some inducement to the parties to complete the Alternative Dispute Resolution process productively and in timely fashion, while also retaining the option of a more traditional vehicle for resolving their differences if Alternative Dispute Resolution fails.
For whatever reason, Alternative Dispute Resolution did not bear fruit in this case, and the parties now agree that the case must tried. The plaintiff would obviously be content to waive his originally claimed jury trial, but the defendants are entitled to rely on the plaintiff s previously filed jury claim. See Gargiulov. Del Sole, 769 F.2d 77 (1985). See, also, Palmer v. U.S.,652 F.2d 893, 896 (9th Cir. 1981). "[A] party's acquiescence to the district court's maintenance of a bench trial, without more, is insufficient to establish a withdrawal of a jury demand."
It appears that the plaintiff, in expressing his willingness to waive a jury trial, is less concerned about the mode of trial than he is with its timing. Given the fact that more than a year and a half has passed since the case was first assigned for trial, this is understandable. For this reason, this court will not permit its decision to restore the case to the jury docket to result in significant further delay.
The motion to restore the case to the jury docket is therefore granted, and, with the parties having at the court's direction met with the assignment clerk to select a date for whichever manner of trial the court eventually decided upon, the case is assigned for jury trial during the week of March 24, 1997.
Silbert, J.