Kevin HILL, Breck Harrison, Mark McCord, Duval Tyson and Damien Alvarez, Plaintiffs–Appellees–Cross–Appellants,

v.

AIRBORNE FREIGHT CORPO-RATION, Defendant–Appellant–Cross–Appellee.

No. 03–7263, 03–7353(XAP), 03–7443(XAP).

United States Court of Appeals, Second Circuit.

Feb. 18, 2004.

Neal D. Mollen, Paul, Hastings, Janofsky & Walker, LLP, Washington, D.C., for Appellant.

Michael G. O'Neill, NY, for Appellees Kevin Hill, Breck Harrison, Duval Tyson, and Damien Alvarez.

Linda J. Stanch, Tuckner, Sipser, Weinstock & Sipser, NY, for Appellee Mark McCord.

PRESENT: WINTER, JACOBS, and STRAUB, Circuit Judges.

### SUMMARY ORDER

Following a jury trial in the United States District Court for the Eastern District of New York (Block, *J.*), and a reduction by the court in the damages awards found by the jury, judgment was entered against Airborne Freight Corporation ("Airborne") on claims of racial discrimination in violation of 42 U.S.C. § 1981, New York State Executive Law § 296 *et. seq.*, and New York City Administrative Code § 8–107. Plaintiffs–Employees Kevin Hill ("Hill"), Breck Harrison ("Harrison"), Duval Tyson ("Tyson"), Damien Alvarez ("Alvarez"), and Mark McCord ("McCord") (collectively, "plaintiffs") alleged and the jury found that they were subjected to more severe discipline than similarly situated white employees. The jury also found Airborne liable for retaliatory discipline against Hill in violation of the above-cited statutes and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

Following the verdict, Airborne moved for judgment as a matter of law ("JMOL") pursuant to Federal Rule of Civil Procedure ("Rule") 50(b), or for a new trial pursuant to Rule 59. JMOL was granted with respect to plaintiff McCord, and the motions were in all other respects denied. The district court's decision is published at 212 F.Supp.2d 59 (E.D.N.Y.2002).

Airborne appeals from the district court's final judgment denying its motions for JMOL and a new trial; McCord cross-appeals from the district court's grant of JMOL with respect to his discrimination claims; and plaintiffs Hill, Harrison and Tyson cross-appeal from the district court's determinations—following a post-trial evidentiary hearing—as to back pay, front pay and reinstatement. The district court's opinion with respect to these issues is available at Nos. 97–CV–7098, 98–CV–6249, 2003 WL 366641 (E.D.N.Y. Feb. 20, 2003). Familiarity is assumed as to the facts, procedural context, and the specification of appellate issues.

After a thorough review of the record in this case, we affirm on Airborne's appeal substantially for the reasons articulated by the district court. JMOL is appropriate following a jury verdict only if there is "'such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture,' or the evidence in favor of the movant is so overwhelming 'that reasonable and fair minded [persons] could not arrive at a verdict against [it].'" *Luciano v. Olsten Corp.*, 110 F.3d 210, 214 (quoting *Cruz v. Local Union No. 3*, 34 F.3d 1148, 1154 (2d Cir.1994) (alterations in original)). The high threshold for disturbing a jury verdict pursuant to Rule 50(b) was not reached in this case; nor was the district court's refusal to order a new trial an abuse of discretion, as the jury's verdict was not a miscarriage of justice. *See Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir.1998).

The evidence of discrimination is thin, but there is enough to support the verdict, particularly since the jury could disregard discipline meted out to white

drivers after the lawsuit commenced, and was permitted to draw an inference of discrimination from Exhibit 68. Exhibit 68 may have been (as Airborne says) highly prejudicial relative to its weight, but Airborne participated in its design, and accepted its data, and then failed to renew meaningful objections after the voluntary dismissal of the claim as to which it was chiefly admitted into evidence—a juncture at which the court might have reappraised the exhibit's prejudicial effect relative to its evidentiary weight.

■ With respect to McCord's appeal, we affirm the district judge's grant of JMOL to Airborne. As the district court noted, "[u]nlike his fellow plaintiffs, McCord was not disciplined more harshly" than similarly situated white employees. *Airborne*, 212 F.Supp.2d at 68. McCord was initially terminated in connection with disciplinary actions taken against him, but the termination was mitigated to a three-day suspension, the sort of mitigation enjoyed by white comparators. After that suspension, however, McCord decided not to return. On these facts, the only evidence of discrimination directly related to McCord was a reference to McCord, by one of his supervisors, as "boy." As the district court held, such "racial animus, though reprehensible, was insufficient to support McCord's claim" that his discipline was motivated by intentional race discrimination. *Id.* at 68–69.

With respect to the cross-appeals of plaintiffs Hill, Harrison, and Tyson regarding back pay, front pay and reinstatement, we conclude that (i) plaintiffs' request for a jury trial on back pay and front pay was not preserved; (ii) the district court's determinations regarding compensation were not clearly erroneous; and (iii) the district court's refusal to order reinstatement was not an abuse of discretion. The right to a jury trial may be waived by the conduct of the parties. 9 Charles Allan Wright &

Arthur R. Miller, Federal Practice and Procedure § 2321 (2d ed.1995). "[P]articipation in a bench trial without objection constitutes waiver of the jury trial right." *Royal American Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d Cir.1989) (adopting the majority rule). The rule is designed to prevent "an ambush of the trial judge on appeal" by an appellant who, despite requesting a jury trial, subsequently acquiesces in the trial court's decision to resolve certain issues from the bench. Such acquiescence is often demonstrated by the appellant's participation in subsequent proceedings regarding the very issues formerly included in his jury-trial demand. *See id.* (internal citations, alterations and quotation marks omitted). Although "waivers are never to be lightly inferred," *Tray–Wrap, Inc. v. Six L's Packing Co., Inc.*, 984 F.2d 65, 68 (2d Cir.1993), an inference is appropriate so long as "the party was on notice that the trial court was planning to adjudicate the dispositive issues of fact," *Royal American*, 885 F.2d at 1018 (internal citation and quotation marks omitted), and the conduct alleged to constitute a waiver is "clear and unequivocal," *Tray–Wrap*, 984 F.2d at 68.

■ On at least two occasions at trial, the district court expressed its intention to decide the compensation determinations appealed from without jury participation. The parties' acquiescence in this ruling is noted in a post script to the court's initial, published disposition in this case. *See Airborne*, 212 F.Supp.2d at 78. On October 28, 2002, more than three months after the district court handed down its initial decision, Hill, Harrison and Tyson participated with counsel in bench proceedings to resolve the remaining compensation issues, still without objection (however belated an objection would by then have been).

On these facts, Hill, Harrison, and Tyson have waived their right to a jury trial

on the compensation issues resolved by the district court; moreover, in our view, the district court's awards are not clearly erroneous. *See, e.g., Cowan v. Prudential Ins. Co. of America,* 852 F.2d 688, 689 (2d Cir.1988) ("In considering [a] ruling on back pay, which is here an essentially factual determination, we use a 'clearly erroneous' standard of review."). Finally, the district court's decision not to reinstate Hill, Harrison and Tyson was not an abuse of discretion. *See Sands v. Runyon,* 28 F.3d 1323, 1327 (2d Cir.1994).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.