**Judith GINSBERG, Plaintiff,**

**v.**

**TWAYNE PUBLISHERS, INC. and G.K. Hall Corp., Defendants.**

**No. 82 Civ. 7744 (WK).**

United States District Court, S.D. New York.

March 7, 1984.

As Amended March 20, 1984.

Benedict Ginsberg, P.C., New York City, for plaintiff.

Russell G. Tisman, New York City, for defendants.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

This action concerns the attempts of plaintiff to have published a treatise on Spanish literature. At the time she instituted this action, plaintiff alleged in her Complaint that defendant, which had contracted to publish her book, had reneged on its contract, and that she had been unsuccessful in her attempts to find another publisher. At some later time another publisher was found; and approximately one year after commencing this action plaintiff requested leave to amend her complaint to reflect this changed turn of events. Where the original Complaint had demanded both specific performance and compensatory and punitive damages, the proposed Amended Complaint included only a revised demand for monetary damages, reflecting the additional work demanded of plaintiff by her new publisher, but withdrawing the demand for punitive damages. We granted the motion to amend by our Memorandum and Order of December 12, 1983.

On December 16, 1983 plaintiff did amend her Complaint as she had proposed. In addition to the changes described in the motion, however, the Amended Complaint bore a demand for trial by jury—the first time that such a demand had been made by either party. It is plaintiff's entitlement to make such a demand which is the subject of the instant motion.

Defendant does not contest that plaintiff's claims for monetary damages are in fact triable by a jury; it simply contends that plaintiff's demand was made too late. We agree. Fed.R.Civ.Proc. 38 provides:

(b) Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue ...

(d) The failure of a party to serve a demand as required by this rule ... constitutes a waiver by him of trial by jury.

■ Plaintiff commences her opposition to this motion by pointing out that since her original complaint was filed in state court, where our Rule 38 obviously does not apply and where no similar rule limits the time within which a jury demand must be made, her original complaint need not have contained a jury demand. She extrapolates from this indisputable proposition the contention that, since she could not have amended her complaint until she had contracted with a new publisher, she could not have made a jury demand until this document was filed. This argument, however, is fallacious. Rule 38 requires only that a jury demand be made in writing, not that it be contained in a pleading or indeed take any particular form. Nor do we see that plaintiff's ability to demand a jury was in any way affected by her ability to find a new publisher. Plaintiff may have chosen to wait before making her jury demand, but such choice was in no way forced upon her, as she suggests, and she cannot thus avoid the strictures of Rule 38.

■ Plaintiff next asserts that, since her original complaint demanded equitable relief which would not have entitled her to a jury, her right to trial by jury only accrued with the filing of her Amended Complaint (which, as we have noted, includes only a demand for monetary relief). However, the original Complaint also included demands for monetary relief, which would have been triable to a jury even as are the equivalent demands in the Amended Complaint. The mere presence of an equitable cause of action among such claims does not, of course, render a complaint wholly equitable for purposes of the right to jury trial. *Curtis v. Loether* (1974) 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260. Plaintiff thus would have been entitled to demand a jury in her original Complaint (although such jury could of course have determined only her demand for monetary

damages and not that for specific performance).

■ Finally, plaintiff asserts that the "last pleading" for purposes of Rule 38 had not yet been filed at the time defendant made the instant motion, since the motion was filed on January 6, 1984, and defendant did not answer the Amended Complaint until four days after that date. This latter date, plaintiff contends, marks the period from which Rule 38's ten days start to run. This, however, is not the law. The filing of an amended complaint does not suspend the running of the time set forth by the Rule. Rather,

> where the ten day period of Rule 38(b) has run, an amendment of a pleading which does not introduce new issues will not give rise to the right to demand a jury.

*Leighton v. New York, Susquehanna & Western Railroad Co.* (S.D.N.Y.1964) 36 F.R.D. 248, 249 (citations omitted).

We find that no "new issues" are presented by the Amended Complaint. That pleading changes neither the "character of the suit," the "general issues" involved, nor the "basic legal theory" underlying them. *Rosen v. Dick* (2d Cir.1980) 639 F.2d 82, 94–96. The original Complaint stated a cause of action for breach of contract; the Amended Complaint is, in essence, but an expansion of these original claims. The facts, to be sure, are somewhat altered, as is the relief requested. However, these alterations are all within the framework of the breach of contract claim. This is in no way changed by plaintiff's election not to pursue her original demand for punitive damages. Similarly, while it may make a world of difference to plaintiff personally that she has found a new publisher, we simply cannot say that this is of sufficient legal significance. We conclude, therefore, that plaintiff's demand for trial by jury was untimely made and must be dismissed.

SO ORDERED.