877 F.2d 219
 14 Fed.R.Serv.3d 583
 James FAVORS, Plaintiff-Appellant,
v.
Thomas A. COUGHLIN, III, Commissioner, Daniel A. Senkowski,
Acting Superintendent, R. Fuller, Deputy Superintendent,
Sgt. Thomas Marlow, C.O., Patrick Buckley, C.O. and Captain
W.R. Babbie, Defendants-Appellees.
 No. 876, Docket 88-2208.
 United States Court of Appeals,
Second Circuit.
 Submitted March 8, 1989.
Decided June 19, 1989.
 
 Robert Abrams, Atty. Gen. of the State of N.Y., Albany, N.Y. (Peter H. Schiff, Deputy Sol. Gen., Wayne L. Benjamin, Asst. Atty. Gen., Daniel Smirlock, Asst. Atty. Gen., Albany, N.Y., of counsel), submitted brief for defendants-appellees.
 Barbara Kolsun, New York City (Dechert Price & Rhoads, New York City, of counsel), submitted brief for plaintiff-appellant.
 Before KAUFMAN, CARDAMONE and PRATT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant James Favors appeals from an April 5, 1988 order of the United States District Court for the Northern District of New York (McCurn, J.), which adopted the Report and Recommendation of the United States Magistrate and thereby granted appellees' motion to dismiss Favors's civil rights complaint. Favors filed this pro se civil rights claim under 42 U.S.C. Sec. 1983 (1982) asserting that, as the result of an altercation allegedly initiated by correctional officers at Clinton Correctional Facility, excessive force was used by the officers in restraining him, and that the use of force was violative of his liberty interest guaranteed by the Due Process Clause. Appellant also alleged that he was retaliated against for making complaints and was denied due process when he was placed in punitive segregation. For the reasons that follow, we affirm the judgment of the district court.
 
 DISCUSSION
 
 2
 This appeal presents two somewhat interrelated questions: (1) whether Favors's right to a trial by jury of his Sec. 1983 claim was waived under Fed.R.Civ.P. 38; and if so, (2) whether the proceedings before the United States Magistrate were proper under federal law. E.g., 28 U.S.C. Sec. 636 (1982).
 
 A. Favors' Jury Trial Demand
 
 3
 We first hold that Favors waived his right to a jury trial. Rule 38(b) of the Federal Rules requires that a party makes a demand for a jury trial and timely serve such demand upon the opposing party. Fed.R.Civ.P. 38(b). While failure to timely serve the jury trial demand "constitutes a waiver ... of trial by jury," Fed.R.Civ.P. 38(d), we have consistently held that waiver of such a fundamental right is "not lightly to be inferred." Gargiulo v. Delsole, 769 F.2d 77, 79 (2d Cir.1985). Nor have we required that the jury demand be technically perfect or unequivocal on the face of the pleadings. Gargiulo, 769 F.2d at 78-79 (but noting that "the recommended practice is to write the demand on the first page of the pleading"). Moreover, the pleadings for pro se plaintiffs alleging civil rights violations are treated with greater liberality. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam) (pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers").
 
 
 4
 In filing his complaint, Favors duly filled out the civil cover sheet on his pro se complaint form and checked the "Yes" box next to "Jury Demand." The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers. But here, appellant failed to serve, as he might have, the civil cover sheet in timely fashion on appellees. Only the complaint was served and it contained no mention of or reference to a jury demand. A timely served civil cover sheet on which the "Jury Demand" box is checked can, without more, constitute a proper jury trial demand, see Winant v. Carefree Pools, 118 F.R.D. 28, 29 (E.D.N.Y.1988), but a civil cover sheet that has not been served with the complaint naturally gives no notice of a jury demand necessary to meet the requirements of Rule 38(b). See Moores v. Greenberg, 834 F.2d 1105, 1108 (1st Cir.1987) (notation of jury demand on civil cover sheet does not satisfy "the literal requirements of Rule 38(b)."); Pinemont Bank v. Belk, 722 F.2d 232, 235 (5th Cir.1984) ("we ... caution all counsel [that checking the civil cover sheet] is not the preferred method of compliance with rule 38(b)...."); Wall v. National R.R. Passenger Corp., 718 F.2d 906, 909 (9th Cir.1983) (holding that "checking the jury demand box on the civil cover sheet is insufficient to meet the requirements of Rule 38(b)."); Omawale v. WBZ, 610 F.2d 20, 21-22 (1st Cir.1979) (per curiam) (holding that, even in the context of a pro se action under Title VII and 42 U.S.C. Sec. 1981, an unserved civil cover sheet indicating a jury demand cannot alone comport with Fed.R.Civ.P. 38); Biesenkamp v. Atlantic Richfield Co., 70 F.R.D. 365, 366 (E.D.Pa.1976) ("The mere notation on the Cover Sheet and in the docket cannot substitute for service of notice upon the Defendants as required by the rule."). The rule that pro se plaintiffs' pleadings must be less stringently construed cannot overcome the appellant's actual failure to notify appellees of his jury trial demand. Hence, because appellant did not comply with Rule 38 he waived his right to trial by a jury.
 
 B. Proceedings Before The Magistrate
 
 5
 We turn next to the issue of whether the proceedings below properly dismissed Favors's cause of action. On appeal, Favors argues that the procedural posture of the case was the parties' motions for summary judgment. He thus asserts that there were disputed issues of material fact concerning the use of excessive force against him by the correctional officers and his due process claims. In short, Favors argues that the district court erred in resolving disputed issues of fact and in making critical credibility determinations. Appellees contend that the case was properly dismissed at the end of the hearing before the Magistrate upon appellees' motion to dismiss.
 
 
 6
 We cannot adopt either of these interpretations of the procedural posture upon which the case was decided. The issue, instead, appears to be the question of the propriety of the magistrate's actions and the scope of his statutory authority. Bearing in mind that these seemingly important issues were neither effectively raised nor briefed by the parties, we decline to rule on them in this case, but simply affirm the district court's judgment of dismissal.
 
 
 7
 Judgment affirmed.