**HESTER INDUSTRIES, INC., Plaintiff,**

v.

**TYSON FOODS, INC., Defendant.**

**No. 93–CV–391.**

United States District Court,
N.D. New York.

Feb. 5, 1995.

Nixon & Vanderhye, P.C., Arlington, VA (Robert W. Adams, Duane M. Byers, of coun-

sel), Kohn, Bookstein & Karp, P.C., Albany, NY (Richard A. Kohn, of counsel), for plaintiff.

Husch & Eppenberger, Kansas City, MO (Karen J. Halbrook, John R. Cleary, of counsel), Levene, Gouldin & Thompson, Binghamton, NY (David M. Gouldin, of counsel), for defendant.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

On August 12, 1994, this court signed an order reflecting its oral decision rendered on August 8, 1994 in which it found, *inter alia,* that defendant Tyson Foods, Inc. ("Tyson") had breached the March 12, 1992 settlement agreement between the parties and had violated the court's corresponding dismissal order dated April 9, 1992. The court granted partial summary judgment in favor of the plaintiff, Hester Industries, Inc., on Counts One and Two of its amended complaint on the issue of liability for the use of certain packaging labelled with the "Wing Flings" mark. The court, however, did not rule on all liability issues in Counts One and Two, or on the issues of wilfulness and monetary and equitable relief. Tyson now seeks reconsideration of this decision asserting that the order fails to comply with Fed.R.Civ.P. 56(a), (c) and (d). Defendant also moves for a trial by jury on the remaining issues, a motion which has not been previously raised.

### II. DISCUSSION

#### A. Standard for Reconsideration

■ A court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice. *Larsen v. Ortega,* 816 F.Supp. 97, 114 (D.Conn.1992). In this case, it appears that the defendant is moving upon the third ground for relief. It is in light of this standard that the court undertakes reconsideration of its August 12, 1994 order ("August 12th order").

In a pure example of the exaltation of form over substance, defendant Tyson seeks reconsideration and the setting aside of the August 12th order. In the alternative the defendant asks that the order be amended. Tyson argues that since certain issues of liability on Count One and Two remain undecided after the plaintiff's summary judgment motion, summary judgment cannot be granted under Fed.R.Civ.P. 56(c). Additionally, it argues that if the August 12th order is meant to fall under Fed.R.Civ.P. 56(d), the findings of breach and contempt go beyond the court's jurisdiction under that rule. Tyson does not dispute that the court has jurisdiction to enter an order specifying the facts that appear without substantial controversy, but instead argues that the court is without jurisdiction to enter judgment as a matter of law as to Hester's breach of the settlement agreement and the contempt claims.

It should be clear to anyone reading the order that it embodies a decision based on Rule 56(d), as plaintiff recognizes. Rule 56(d) states that:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make *an order* specifying the facts that appear without substantial controversy, including the extent to which the amount of damages and other relief is not in controversy, and directing such further proceedings in the action are just. *Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly* (emphasis added).

Courts have used the term "partial summary judgment" to describe decisions entered under Rule 56(d) regarding matters in which no genuine issue of material fact exist. *See, e.g., Robertson v. National Basketball Ass'n,* 389 F.Supp. 867, 894 (S.D.N.Y.1975); *Lichtler v. County of Orange,* 813 F.Supp.

1054, 1056 (S.D.N.Y.1993) (each referring to a holding under Rule 56(d) as "partial summary judgment"). In fact, the Notes of the Advisory Committee on Rules pertaining to Rule 56(d) show that there is no problem with the August 12th order as it stands. The Notes state that a partial summary "judgment" is not a final judgment and so generally is not appealable, and declare that "the partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case." *Notes of Advisory Committee on Rules, 1946 Amendment, Subdivision (d).*

■ Furthermore, it has been held that "the court is permitted pursuant to Fed. R.Civ.P. 56(d) to ascertain those material facts which are not substantially controverted and to determine those questions of law dependent upon uncontroverted facts." *Hydro Air of Connecticut, Inc. v. Versa Technologies, Inc.,* 599 F.Supp. 1119, 1121 (D.Conn.1984); *see also Dickman v. F.D.R. VA Hosp.,* 148 F.R.D. 513, 515 (S.D.N.Y. 1993) (stating that the court may "resolve controlling legal issues by memorandum order or make partial rulings under Fed. R.Civ.P. 56(d)"). Thus, there is nothing in the court's August 12th order which presents a clear error of law or an obvious injustice. The court simply rendered a finding of fact and a determination of law based on those uncontroverted facts. Additionally, it is clear from the papers submitted by both parties on this motion that they understand the scope and nature of the court's August 12th order, and so there is no reason to clarify it through an amendment or set it aside completely. Defendant's motion for reconsideration is denied accordingly.

### B. Motion for a Jury Trial

■ Defendant seeks a trial by jury in this action pursuant to Fed.R.Civ.P. 39(b). Rule 39(b) states that:

issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

The seemingly broad discretion afforded by this rule has been limited by Second Circuit case law. It is clear that a party must make a showing "beyond mere inadvertence" to justify relief in actions which originate in the federal courts. *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir.1967). Because this action originated in federal court, it is the "beyond mere inadvertence" standard from *Noonan* which must guide this decision.[1] *See Printers II, Inc. v. Professionals Publishing, Inc.,* 596 F.Supp. 1051, 1052 (S.D.N.Y.1984) (stating that since the case at hand originated in federal court it did not fall within the *Higgins* exception to *Noonan*).

Tyson notes that it is appropriate to now seek a trial by jury because it has replaced its counsel since its original waivers of a jury trial. On July 8, 1994, Tyson's current attorneys, Husch and Eppenberger, entered their appearance on behalf of defendant. The attorneys note that they made the motion for a jury trial within four weeks of their appearance, and given the April 1995 trial date in place at that time, plaintiff would not be prejudiced by switching to a jury trial. Tyson notes that this request satisfies the *Noonan* standard because new counsel has decided that a jury trial is preferable, and thus, the failure to make a timely jury demand is not due to mere inadvertence.

However, it must be noted that although defendant's new attorneys made the jury request within four weeks of their entry into the case, between the date of their appearance and the date of the jury request local

---

**1.** Defendant argues that the standard elaborated in *Higgins v. Boeing Co.,* 526 F.2d 1004 (2d Cir.1975) is more widely accepted and provides a basis on which to grant the motion for a jury trial. The court disagrees. The *Higgins* standard has only been applied to cases removed to federal court from state court. *Higgins,* 526 F.2d at 1006; *see also Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 392, 393 (2d Cir.1983) (noting that the *Noonan* standard is not overruled and is correctly applied to cases originating in federal court while the *Higgins* standard is appropriate for removed cases because the argument for applying the *Noonan* standard in such cases is simply not as strong).

counsel agreed to a "Third Amended Rule 16 Stipulation" which stated that the trial was scheduled to begin on April 11, 1995 and would be nonjury. This, in itself, appears to be mere inadvertence.

Tyson cites to two cases from other circuits in which substituted counsel untimely yet successfully sought a jury trial on the basis of their new appearance. *See Sherman College of Chiropractic v. American Chiropractic Ass'n,* 1983 WL 21365 (N.D.Ga. Sept. 16, 1983); *Ford v. Breier,* 71 F.R.D. 195 (E.D.Wis.1976). However, both of these cases arose in circuits where the granting of an untimely trial by jury motion is generally favored. *See Sherman College,* 1983 WL 21365 at *1 (noting that the "court should grant a jury trial in the absence of strong and compelling reasons to the contrary"); *Ford,* 71 F.R.D. at 197 (citing generally the same standard by noting that "the better course is to grant relief from an apparent waiver absent overriding circumstances to the contrary"). As previously noted, the Second Circuit follows the more limiting *Noonan* standard in cases such as this, and so the cases cited by defendant have no applicability to this decision.

■ Courts in the Second Circuit have not accepted the substitution of counsel as proper grounds for granting a motion for a jury trial under Rule 39(b). The Second Circuit has refused to allow pro se litigants who have proceeded without demanding a jury to successfully demand one under Rule 39(b) simply because plaintiff later came to be represented by counsel. *Washington v. New York City Bd. of Estimate,* 709 F.2d 792, 798 (2d Cir.1983) (noting that "the operation of the Rule imposes no greater burden on pro se litigants than on represented litigants, as the unintentional or unknowing failures of all litigants to comply with Rule 38 are dealt with equally"). It follows then, that those who have been continually represented by counsel should not be allowed a jury trial solely by virtue of the fact that new counsel has been retained. As plaintiff has stated, there is simply no "new counsel" exception to the *Noonan* test. *See Washington,* 709 F.2d at 798; *Miller v. Swissre Holding, Inc.* 731 F.Supp. 129, 133 (S.D.N.Y.1990) (noting that

not every plaintiff who commences litigation *pro se* and later secures counsel is entitled to a successful Rule 39(b) motion).

Additionally, defendant has not raised any argument that this court is unable to make a fair determination of the issues in this case. *See Noonan,* 375 F.2d at 72 (noting this factor). Since defendant has made no argument, other than the argument that the substitution of counsel goes beyond mere inadvertence, the court cannot find that anything but mere inadvertence was the reason for the untimely filing of the request for a trial by jury. *See Virgin Air, Inc. v. Virgin Atl. Airways, Ltd.,* 144 F.R.D. 56, 60 (S.D.N.Y. 1992) (which in rejecting plaintiff's asserted argument for an untimely jury request found that in the absence of other arguments, the untimely request "can only be attributed to plaintiff's inadvertence which is an insufficient basis for the exercise of discretion in plaintiff's favor"). Defendant's motion for a jury trial is denied accordingly.

## III. CONCLUSION

In summary, the court hereby denies reconsideration of its order dated August 12, 1994 and denies defendant's motion for a trial by jury.

**IT IS SO ORDERED.**