**Tyrone WRIGHT, Plaintiff–Appellant,**

v.

**Thomas LEWIS, Corrections Officer, Glenn Bearor and Jeffrey Hughes, Defendants–Appellees.**

**Docket Nos. 94–2131, 404.**

United States Court of Appeals, Second Circuit.

Argued Oct. 24, 1995.

Decided Feb. 2, 1996.

C. Allen Garrett, Jr., New York City (Douglas F. Broder, Coudert Brothers, of counsel), for Plaintiff–Appellant.

Julie S. Mereson, Assistant Attorney General, Albany, NY (Dennis C. Vacco, Attorney General, Peter G. Crary and Nancy A. Spiegel, Assistant Attorneys General, of counsel), for Defendants–Appellees.

Before: FEINBERG, OAKES and CALABRESI, Circuit Judges.

OAKES, Senior Circuit Judge:

This appeal concerns a magistrate judge's duty to order service of a civil cover sheet indicating a jury demand with the rest of a *pro se* prisoner's complaint when, pursuant to local rule, the magistrate has assumed responsibility for review and service of the complaint. Tyrone Wright ("Wright") appeals from the January 27, 1994, order of the United States District Court for the Northern District of New York (Ralph W. Smith, Jr., Magistrate Judge) entering judgment against Wright in his action under 42 U.S.C. § 1983 (1988). The case proceeded as a bench trial after Magistrate Smith found that Wright had waived his right to a jury trial by failing to include a jury demand in his complaint.

Wright contends that checking the jury demand box on the civil cover sheet filed with his § 1983 complaint was sufficient to preserve his right to a jury trial. He also contends that Magistrate Smith erred in denying Wright's subsequent request for a jury trial and made clearly erroneous factual findings. Because we find that the magistrate had a duty to serve the civil cover sheet indicating Wright's jury demand and that therefore Wright did not waive his right to a trial by jury, we vacate the judgment of the magistrate and remand to the district court for a jury trial.

## BACKGROUND

At the time of the events giving rise to Wright's § 1983 claim, he was incarcerated at the Great Meadow Correctional Facility. On October 21, 1985, after losing consciousness the night before, Wright was taken to the hospital area of the prison for a medical examination where, he alleges, he was beaten by three officers. This alleged assault prompted Wright to sue under § 1983 for a violation of his Eighth Amendment right against cruel and unusual punishment.

Proceeding *pro se*, Wright commenced his suit on November 25, 1985, by completing a civil cover sheet and a "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. Section 1983." Both of these forms were supplied to prisoners by the United States District Court for the Northern District of New York. The civil cover sheet included the words "JURY DEMAND" with boxes for "YES" and "NO," and the statement "Check YES only if demanded in complaint." The complaint form, however, had no reference to a jury trial and no specific place to make a jury demand. Wright received no other guidance on demanding a jury trial beyond the two forms.

Wright checked the "YES" box on the civil cover sheet, but did not request a jury trial anywhere in the complaint form. He then submitted the two forms to the district court with an application to proceed *in forma pauperis*. Pursuant to a Standing Order in effect in the Northern District of New York at this time, the case was assigned to a judge of the court and referred to a magistrate for all further proceedings except final disposition. In an order issued December 31, 1985, Magistrate Smith granted Wright leave to proceed *in forma pauperis*, and consequently ordered the district court clerk to file Wright's complaint and to see that it was served upon the defendant officers.

In February 1990, Magistrate Smith appointed Richard Mott ("Mott") to represent Wright in response to Wright's repeated requests for counsel. In March 1992, Mott wrote the magistrate a letter (copied to the defendants) requesting a jury trial in Wright's case, noting that Wright had checked the jury demand box on the civil cover sheet when filing his complaint *pro se* and clearly desired a jury trial. Magistrate Smith denied the request in a short letter, citing *Favors v. Coughlin*, 877 F.2d 219 (2d Cir.1989), as dispositive. The case was later tried before Magistrate Smith upon consent of the parties.

In this appeal, Wright argues: (1) that checking the jury demand box of the civil cover sheet provided to him by the court was sufficient to preserve his right to a jury trial; (2) that Mott's March 1992 letter to the magistrate served as a motion for trial by jury and that Magistrate Smith abused his discretion by refusing to grant Wright a jury trial; and (3) that Magistrate Smith made erroneous factual findings during the bench trial.

## DISCUSSION

Federal Rule of Civil Procedure 38(b) specifies that when there is a right to a trial by jury, a party must serve his written demand for a jury on the other parties within a required time and file his demand with the court.[1] Failure to meet these requirements results in waiver of the right to trial by jury. Fed.R.Civ.P. 38(d).

Wright's March 1992 letter to the court requested that the magistrate find his jury demand on the civil cover sheet sufficient to meet the requirements of Rule 38(b). In denying this request, Magistrate Smith offered no explanation beyond citing a decision of this court, *Favors v. Coughlin,* 877 F.2d 219 (2d Cir.1989). In *Favors,* we held that a *pro se* plaintiff waived his right to a jury trial by failing to serve timely his jury demand on the opposing parties. Like Wright, Favors had checked the jury demand box of his civil cover sheet but failed to mention his jury demand in the actual complaint. 877 F.2d at 220. His complaint was then served without the civil cover sheet. *Id.* While acknowledging that "a *timely served* civil cover sheet on which the 'Jury Demand' box is checked can, without more, constitute a proper jury trial demand," *id.* (emphasis in original), *see also Winant v. Carefree Pools,* 118 F.R.D. 28, 29 (E.D.N.Y.1988), we held that failure to serve the cover sheet deprives the other party of the notice mandated by Rule 38(b). *Id.*

Our decision in *Favors* thus turned on the issue of service, not on the absence of a jury demand in the actual complaint. Indeed, we

specifically stated that a demand made on a civil cover sheet was sufficient to meet Rule 38(b), provided the cover sheet was served in a timely manner. However, because Favors did not serve his civil cover sheet on the opposing parties and therefore gave them no notice of his jury demand, we found that he had waived his right to a jury trial under Rule 38(b). 877 F.2d at 221.

Despite the similarity to *Favors,* we find that the outcome in Wright's case is determined by his *in forma pauperis* status. By granting Wright leave to pursue his § 1983 claim *in forma pauperis,* Magistrate Smith shifted the responsibility for serving the complaint from Wright to the court.[2] As the magistrate's December 31, 1985, order reflects, Wright was relieved by his poverty of the responsibility for filing and effecting service of his complaint. Instead, Magistrate Smith directed the Clerk of the Northern District of New York to "issue a summons and complaint to the United States Marshal for service upon the named defendants." Having thus relinquished control over service, Wright cannot be said to have waived his right to a jury trial under our reasoning in *Favors.*[3]

In holding that *Favors* is not dispositive of this case, however, we have not completed our inquiry. The question remains whether the court's obligation to effect service for Wright extended to serving his civil cover sheet in addition to his complaint. There are several reasons we are persuaded it did. First, under the Northern District's general rule on magistrates' duties, Magistrate Smith was required to review Wright's complaint

1. **Rule 38. Jury Trial of Right**
   **(b) Demand.** Any party may demand a trial by jury ... by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

2. Under a Standing Order of the Northern District in effect at the time, all civil rights complaints were referred to magistrates "for all further proceedings, excepting final disposition," including the decision to grant *in forma pauperis*

status and the subsequent assumption of responsibility for the filing and service of the complaint. Standing Order Providing for Referral of Habeas Corpus and Civil Rights Complaints By Prisoners to Magistrates, United States District Court for the Northern District of New York, August 2, 1985. The Order has since been superseded by the Northern District's Local Rule 5.4(a).

3. We note that although the plaintiff in *Favors* was also granted leave to proceed *in forma pauperis,* the issue of the district court's responsibility for service was not briefed by the parties nor addressed by this court in its opinion.

and assess it for its merits.[4] Such a review, in our opinion, should have included recognition of Wright's desire for a jury trial and notice of his demand through service of the cover sheet.

Second, the forms Wright was required to use to make his complaint were misleading in that they provided no place on the actual complaint form to request a jury trial specifically: the only place to do so was on the civil cover sheet.[5] Given that the court itself supplied prisoners with these confusing forms, it seems only fair that the court be required to read them carefully for a jury demand and to serve the civil cover sheet if it is the only place the demand appears. *See Washington v. New York City Bd. of Estimate,* 709 F.2d 792, 799 (2d Cir.) (Oakes, J. dissenting) ("[I]t is a very simple matter ... for the pro se claimant to be provided with the information necessary to claim or waive jury trial."), *cert. denied,* 464 U.S. 1013, 104 S.Ct. 537, 78 L.Ed.2d 717 (1983).

Finally, we note that the jurisprudence of both the Supreme Court and this court reflect a presumption against waiver of one's right to a jury trial. *See Aetna Insurance Co. v. Kennedy,* 301 U.S. 389, 393, 57 S.Ct. 809, 811–12, 81 L.Ed. 1177 (1937); *Washington,* 709 F.2d at 797 n. 4; *National Equipment Rental, Ltd. v. Hendrix,* 565 F.2d 255, 258 (2d Cir.1977). In *Washington,* we recognized that when a complainant asserts the right to a jury before the time for making a jury demand has expired under Rule 38(b), there is a presumption against waiver, but when there is no timely action, the presumption is that waiver occurred. 709 F.2d at 797 n. 4. Where, as here, the final step in complying with Rule 38(b) was in the hands of the court, not the complainant, we believe that the court's failure to take that final step should not be deemed to have extinguished

Wright's Seventh Amendment right to a trial by jury. *See Heyman v. Kline,* 456 F.2d 123, 129 (2d Cir.) ("The right to jury trial is too important ... to find a knowing and voluntary relinquishment of the right in a doubtful situation."), *cert. denied,* 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88 (1972).

Given that the responsibility for review and service of Wright's complaint lay with the court, we hold that Wright's civil cover sheet indicating his jury demand should have been served by the court on the other parties. When a prisoner is granted *in forma pauperis* status for a § 1983 claim in the Northern District of New York, he is justified in relying on the court to interpret its own forms and to provide notice of a jury demand through appropriate service. We accordingly find that, under the circumstances, Wright did not waive his right to a jury trial by checking the jury demand box of his civil cover sheet without mentioning the demand in his actual complaint.

We base our holding on the court's responsibility to order service and therefore need not reach Wright's claim that the court erred in denying his March 1992 request for a jury trial. Because we now remand this case to the district court for a jury trial, we do not address Wright's claims of error in the factual findings made by the court.

## CONCLUSION

We vacate the judgment entered below and remand the case to the district court for a jury trial of Wright's § 1983 claims.

---

**4.** The rule in effect at the time of Magistrate Smith's order was Northern District of New York General Rule 43, which reads in pertinent part:

    (c) *Additional Duties*
    The United States Magistrates ... shall perform the following additional duties:

    (4) Review preliminarily ... complaints filed under 42 U.S.C. Section 1983, [and] obtain appropriate information in their regard which may be of assistance in deter-

mining the merits of any petition or complaint. . . .

**5.** Wright points out that the Northern District has since changed its complaint form to include a specific line where the prisoner can check a box requesting either a jury or non-jury trial. Prisoners are now also provided guidance on requesting a jury trial in a "Manual for Pro Se Litigants," which is given to them with the complaint form and civil cover sheet.