**Jennifer J. PALMER, Plaintiff,**

v.

**ANGELICA HEALTHCARE SERVICES GROUP, INC., Defendant.**

**No. 96–CV–15 (LEK/DRH).**

United States District Court, N.D. New York.

Jan. 29, 1997.

Brown, Brown & Peterson (Thomas W. Peterson, of counsel), Ballston Spa, NY, for Plaintiff.

Bond, Schoeneck & King, L.L.P. (Nicholas J. D'Ambrosio, Jr., of counsel), Albany, NY, for Defendant.

## MEMORANDUM–DECISION AND ORDER

HOMER, United States Magistrate Judge.

Defendant Angelica Healthcare Services Group, Inc. (Angelica) has moved for an order striking the demand for a jury trial of plaintiff Jennifer J. Palmer (Palmer). Docket No. 13. For the reasons which follow, that motion is denied.

### I. Background

Palmer commenced this action on January 4, 1996. The complaint alleged causes of action for sexual harassment in violation of 42 U.S.C. § 2000e and related claims under state law. No demand for a jury trial was stated in or served with the complaint and summons. The Civil Docket Sheet completed by Palmer and filed with the complaint was marked "yes" in the box indicated for jury demand. Docket No. 1. However, the docket sheet was not served on Angelica with the complaint. Aff. of N. D'Ambrosio (Docket No. 13) at ¶ 4; Aff. of T. Peterson (Docket No. 17) at ¶ 3.

Angelica filed its answer on February 29, 1996. Docket No. 3. By letter dated March 4, 1996, Palmer forwarded to Angelica a proposed Civil Case Management Plan (CCMP) in preparation for the joint filing required by General Order # 25 of this district. N.D.N.Y.L.R.App. A, attach. 1. In response to the question contained in paragraph 6 of the CCMP, Palmer indicated that a jury was demanded. Peterson Aff. at ¶ 5. Angelica's response adopted Palmer's proposed answer to the jury demand question. Peterson Aff. at ¶ 6.

The joint CCMP filed with the Clerk's Office on April 18, 1996 indicated that a jury demand had been made (Docket No. 4), the jury trial demand was verbally confirmed at the conference held pursuant to Fed.R.Civ.P. 16, and that demand was incorporated in the Uniform Pretrial Scheduling Order issued following the conference on April 23, 1996. Docket No. 5. The jury demand was also accepted without contention at another conference with the Court on December 3, 1996. Docket No. 8.

Following the conference on December 3, 1996, Angelica first noted the absence of a formal demand for a jury trial. D'Ambrosio Aff. at ¶ 6. As ordered by the Court, Palmer then filed and served a formal jury demand on December 17, 1996. Docket No. 12. This motion followed.[1]

### II. Discussion

Under Fed.R.Civ.P. 38(b), a plaintiff may demand a jury trial of right by serving upon the opposing party a written demand no later than ten days following the filing of the answer. Palmer contends that she satisfied this requirement by checking the box for a jury demand on the docket sheet filed with the Clerk and by indicating that a jury trial was demanded in the proposed CCMP sent to Angelica on March 4, 1996 within ten days of the filing of Angelica's answer.

The Second Circuit has previously held that timely service by a plaintiff upon a defendant of a docket sheet that indicates a jury trial is demanded suffices to satisfy Rule 38(b). *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir.1989); *Mazza–Esposito v. S.C.L. Hotel Corp.*, No. 90–CIV–5497, 1991 WL 274480,

---

1. The deadline for completion of discovery passed on October 15, 1996. Trial is presently scheduled to commence on July 21, 1997. Docket No. 5.

at *1 (S.D.N.Y. Dec. 10, 1991). The question presented here is whether the timely filing, but not service, of the docket sheet coupled with the timely service of a proposed CCMP noting the jury demand similarly suffices.

The Second Circuit has never required "that the jury demand be technically perfect or unequivocal on the face of the pleadings." *Favors,* 877 F.2d at 220; *Gargiulo v. Delsole,* 769 F.2d 77, 79 (2d Cir.1985). What Rule 38(b) mandates is timely notice of the jury demand to the court and other parties. *Wright v. Lewis,* 76 F.3d 57, 59 (2d Cir.1996). The demand must be communicated in writing, but the form of the writing has not been narrowly prescribed. *See Chemical Bank v. Affiliated FM Insurance Co.,* No. 87 Civ. 0150 (VLB), 1994 WL 719681, at *6 (S.D.N.Y. Dec. 28, 1994); *Winant v. Carefree Pools,* 118 F.R.D. 28, 29 (E.D.N.Y.1988); *Ginsberg v. Twayne Publishers, Inc.,* 600 F.Supp. 247, 248 (S.D.N.Y.1984) ("Rule 38 requires only that a jury demand be made in writing, not that it be contained in a pleading or indeed take any particular form.").

■ That requirement was satisfied in the circumstances of this case by Palmer's timely service of the CCMP, which, like the docket sheet, is a court-ordered filing. Thus, while service of a jury demand in this fashion is not the preferred practice and in other circumstances may not suffice, I find that the filing and notice requirements of Rule 38(b) were met here. *Cf. Wright,* 76 F.3d at 60 ("the jurisprudence of both the Supreme Court and this court reflect a presumption against waiver of one's right to a jury trial....").

■ Even if Palmer waived her right to a jury trial under Rule 38(d), her jury demand will be permitted in the alternative under Rule 39(b). That rule permits a court discretion to grant a jury trial to a party who has waived its right under Rule 38(d). What appears to be a broad grant of discretion in the rule, however, has been narrowed by case law in this circuit to the point where a party must now demonstrate more than mere inadvertence in failing to make a timely demand in a case, as here, originating in federal court. *See Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir.1967); *Hester Industries, Inc. v. Tyson Foods, Inc.,* 160

F.R.D. 15, 17 (N.D.N.Y.1995). Among other things, inadvertence includes cases in which courts have "frequently rejected late jury demands that seem to be based merely on a change in the litigation strategy." *Davidson Pipe Co., Inc. v. Laventhol & Horwath,* 125 F.R.D. 363, 371 (S.D.N.Y.1989); *Hester Industries, Inc.,* 160 F.R.D. at 17–18; *Chemical Bank,* 1994 WL 719681, at *14.

■ Palmer has demonstrated more than mere inadvertence. Palmer indicated a demand for a jury trial in the docket sheet filed with the complaint, gave notice to Angelica of the demand within ten days of the filing of the answer, and a jury trial was contemplated by both parties in the CCMP and through completion of discovery and two conferences with the Court. The jury demand was, therefore, not the result of any change in trial strategy but a known and stated intention from the inception of the case.

Moreover, Angelica received timely, actual notice of the demand, acted throughout the proceedings to date in the belief that the trial of the case would be to a jury, and thus suffered no prejudice from the late filing of a formal demand. In the circumstances of this case, the discretion afforded by Rule 39(b) will be exercised to order a trial by jury.

### III. Conclusion

For the reasons set forth above, it is hereby

**ORDERED** that the motion of defendant Angelica Healthcare Services Group, Inc. to strike the jury demand of plaintiff Jennifer J. Palmer is **DENIED.**

**IT IS SO ORDERED.**