**BUILDERS SQUARE, a Subsidiary of Kmart, and Kmart, a Corporation, Appellants–Defendants,**

v.

**Daryle HAINES, Appellee–Plaintiff.**

No. 45A03–9710–CV–364.

Court of Appeals of Indiana.

June 30, 1998.

Gene A. Pinkus, Lawrence M. Hansen, Gregory M. Bokota, Thomas E. Rosta, Landau, Omahana & Kopka, Merrillville, for Appellants–Defendants.

J. Robert Vegter, Scott A. Loitz, Merrillville, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

Today we are asked to determine whether Ind. Trial Rule 38(B) mandates that a demand for a jury trial be contained in a pleading. Appellants-defendants Builders Square, a subsidiary of Kmart, and Kmart (Kmart) appeal the trial court's judgment in favor of the appellee-petitioner Daryle Haines, contending that the court erred by denying its demand for a jury trial.

### FACTS [1]

On September 11, 1994, Haines entered Builders Square in Hammond, Indiana, looking for plywood. As he approached the lumber department, he noticed approximately seven to ten four foot by eight foot sheets of plywood stacked vertically in the aisle in front of him. As Haines attempted to grab the first sheet of plywood, the stack fell on him, causing him multiple injuries.

On May 16, 1995, Haines filed a complaint against Kmart, alleging that it was negligent by stacking the plywood in an unsafe manner. On June 12, 1995, Kmart filed an appearance and a Chronological Case Summary (CCS) entry form,[2] containing a motion for additional time to respond to the complaint, both of which contained a demand for a jury trial. Record at 14, 15. Thereafter, the court granted Kmart's motion for additional time to respond. On July 13, 1995, Kmart filed its answer and affirmative defenses, which did not include a further demand for a jury trial.

On January 8, 1997, during the pre-trial conference, Kmart orally renewed its request for a jury trial. The trial court denied the oral request, stating that it was untimely, but failed to rule upon the prior written demands. On February 13, 1997, Kmart filed a motion to reconsider, and a brief in support thereof, contending that it had timely submitted written demands for a jury trial on June 12, 1995, and, therefore, was entitled to a jury trial. Haines filed a memorandum in opposition to defendant's motion to reconsider, contending that Kmart's motion should be denied because Kmart was required, but failed, to submit its written demand for a

---

1. Because we find that Kmart substantially complied with the Indiana Rules of Appellate Procedure and any deficiencies did not hinder our review, we decline Haines' invitation to reject the brief and the record of proceedings submitted by Kmart.

2. It appears that the local rules require parties to submit CCS entry forms with all papers filed with the court.

jury trial "upon a responsive pleading." R. at 42. On March 31, 1997, after a hearing, the court denied Kmart's motion to reconsider and set the matter for a bench trial which was held on June 24, 1997. At the conclusion of the evidence, the court found Haines' damages to be in the amount of $14,000. The court also attributed eighty percent of the fault for the accident to Kmart and twenty percent to Haines. As a result, the court entered judgment in favor of Haines in the amount of $11,200. Kmart now appeals.

### DISCUSSION AND DECISION

Kmart contends that the trial court erred by denying its written demands for a jury trial, which it contends were properly submitted in accordance with the requirements of T.R. 38(B). In response, Haines contends that Kmart's written demands for a jury trial did not conform to the requirements of T.R. 38(B) because they were not contained upon a pleading.

Initially, we note that, pursuant to Ind. Trial Rule 7(A), pleadings consist of only the following documents: complaint, answer, reply to a denominated counterclaim, answer to a cross-claim, third-party complaint and third party answer. Therefore, neither the CCS entry form nor the appearance that Kmart filed was a pleading as contemplated by T.R. 7(A). In addition, we note that a demand for a jury trial, in itself, is not a pleading. See Hamlin v. Sourwine, 666 N.E.2d 404, 408 (Ind.Ct.App.1996); T.R. 7(A). Therefore, Haines is essentially arguing that in order for a demand for a jury trial to meet the requirements of T.R. 38(B), it must be contained upon a pleading as defined in T.R. 7(A). Thus, we look to the language of T.R. 38(B).

T.R. 38(B) provides as follows:

Any party may demand a trial by jury ... by filing with the court and serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten [10] days after the first responsive pleading to the complaint ... and if no responsive pleading is filed or required, within ten [10] days after the time such pleading

otherwise would have been required. Such demand is sufficient if indorsed upon a pleading of a party filed within such time.

Although the rule states that it is sufficient for a demand for a jury trial to be contained upon a pleading, it does not require that the demand be made in this manner. Rather, because the rule permits the demand to be filed ten days after the first responsive pleading, it is clear that the rule was designed to permit the demand to be filed separate from the pleadings.

Furthermore, we note that the federal rules contain a similar provision for demanding a jury trial which states that "such demand may be indorsed upon a pleading of the party." Fed.Rules Civ.Proc.Rule 38, 28 U.S.C.A. In Favors v. Coughlin, 877 F.2d 219 (2nd Cir.1989), the third circuit concluded that such language does not require the jury trial demand to be contained in a pleading. Rather the court found that it was sufficient for the demand to be contained in a timely served civil cover sheet, even though it is "not typically considered a part of a litigant's pleading papers." Id. at 220. Although we note that this decision is not binding upon this court, we find it to be persuasive. See Indiana Civil Rights Comm'n v. Sutherland Lumber, 182 Ind.App. 133, 140, 394 N.E.2d 949, 954 (1979) (where statutory language is same or similar, federal decisions may be very persuasive authority and we will give careful consideration to such decisions even though they are not binding).

For the foregoing reasons, we cannot conclude that T.R. 38(B) requires that a demand for a jury trial be contained in or on a pleading as defined by T.R. 7(A). Rather, it was sufficient for Kmart to include its demand in its appearance and its CCS entry form. Therefore, the trial court erred by denying Kmart's written demands for a jury trial. See Whisler v. Bank of Henry County, 554 N.E.2d 17, 19 (Ind.Ct.App.1990) (once proper demand for jury trial has been made, trial court is required to try case by jury).

Nonetheless, we note that error in the denial of a jury trial may be harmless. Id. The test for deciding whether the failure to conduct a jury trial constituted harmless

error is to determine whether the trial court would have been required to enter a directed verdict had a jury trial been held, or whether a jury verdict in favor of the losing party could have been sustainable. *Id.* In making this determination, we review the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the party requesting the jury trial. *Midwest Fertilizer Co., Inc. v. Ag–Chem Equipment Co.,* 510 N.E.2d 232, 235 (Ind.Ct.App.1987).

In the present case, the trier of fact was required to determine the amount of fault attributable to each of the parties. Because a jury could have attributed fault differently than the trial court did, we cannot conclude that the court's failure to grant Kmart a jury trial was harmless error. As a result, we remand with instructions that the court set this matter for a trial by jury.[3]

Judgment reversed and remanded.

SULLIVAN and KIRSCH, JJ., concur.

---

3. Kmart also contends that the trial court abused its discretion by denying its oral request for a jury trial. However, because we have already decided that the trial court erred by denying Kmart's written demands for a jury trial, we need not address this issue.