**Carole M. BYRD, Plaintiff,**

v.

**CITY OF NEW YORK, Defendant.**

**No. 95 CIV. 3634 JES.**

United States District Court,
S.D. New York.

Nov. 19, 1999.

---

Carole M. Byrd, St. Albans, for Plaintiff Pro se.

Michael D. Hess, Corporation Counsel of the City of New York, New York, for the Defendant; John F. Wirenius, Assistant Corporation Counsel, of counsel.

### MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff *pro se* Carole M. Byrd ("Byrd"), an employee with the New York City Police Department ("NYPD") brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–16, against the City of New York

---

("New York"), claiming that she was denied a promotion on the basis of her race. Defendant moves to strike plaintiff's application for a jury trial, arguing that plaintiff waived her right to a jury trial by failing to make a timely demand as required by Rule 38 of the Federal Rules of Civil Procedure ("Rule 38"). For the reasons discussed below, plaintiff's application for a jury trial is denied.

## BACKGROUND

Plaintiff claims that defendant violated Title VII by failing to promote her on account of her race to a position that plaintiff sought with the NYPD. Plaintiff made her allegations regarding defendant's alleged discriminatory conduct on a standard form summons and complaint distributed by the Southern District's Pro Se office to pro se litigants. The form complaint utilized by Byrd contains detailed instructions on how to comply with Rule 38's requirements for demanding a jury trial. Specifically, the form provides that "[i]f you want a jury trial, you should write **'JURY TRIAL DEMANDED'** on the front page of your complaint to the right of the caption, above or below the word 'complaint.'" Summons and Complaint at 7 (emphasis in original). The form further states that Rule 38(b) also permits a plaintiff "to demand a jury trial within 10 days of service of the defendant's answer."

Despite these instructions, on May 19, 1995, Byrd filed a complaint that contained no indication of her intent to demand a jury trial. Plaintiff subsequently failed to request a jury trial during the additional 10–day period provided for by Rule 38(b) after defendant filed its answer on October 6, 1995. Finally, after more than four years of discovery and motion practice, plaintiff, at a Pre–Trial Conference held on February 19, 1999, orally requested a jury trial.

On May 3, 1999, defendant submitted a Memorandum in Opposition to Plaintiff's Application for a Trial by Jury ("Pl.Response") arguing that plaintiff waived her right to a jury trial pursuant to Rule 38. On May 30, 1999, plaintiff responded, claiming that she was entitled to the jury trial and that the Court should exercise its discretion to grant her application in view of the liberal standard of pleadings for *pro se* plaintiffs.[1]

## DISCUSSION

In civil cases, the right to a jury trial is governed by Rules 38 and 39 of the Federal Rules of Civil Procedure. Rule 38 provides that "[a]ny party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." Furthermore, Rule 38(d) states that "[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." The Second Circuit has interpreted Rule 38 in the context of *pro se* litigation by explaining that the otherwise liberal standard for *pro se* pleadings does not extend to requests for jury trials. *See Washington v. New York City Bd. of Estimate,* 709 F.2d 792, 795, 798 (2d Cir.1983), *cert. denied,* 464 U.S. 1013, 104 S.Ct. 537, 78 L.Ed.2d 717 (1983) (denying untimely application for a jury trial to a *pro se* plaintiff). Moreover, the Second Circuit noted that *pro se* litigants are not entitled to a special notification of their waiver of the right to a jury trial. *Id.* at 798, n. 5.

Plaintiff in the present case was properly instructed about the procedures to demand a trial by jury. She used the standard Summons and Complaint form available through the Pro Se Office to assist *pro se* litigants. The form described all the procedures necessary to request a jury trial. However, plaintiff failed to fol-

---

1. Plaintiff also complains that the Court's statement at a previous Pre–Trial Conference that "she had a weak case," *see* Pl. Response at 1, provides additional support for her application for a jury trial.

low the instructions on the form complaint and did not indicate her intent to demand a jury trial at the time of the complaint or in any of the subsequent filings with the Court. Only on February 19, 1999, more than 4 years after the start of the litigation, did Byrd make a demand for a jury trial. Thus, plaintiff effectively waived her right to a trial by jury.

■ Plaintiff, however, argues that, despite the delay, the Court should exercise its discretion and grant her demand for a jury trial. Under Rule 39(b), "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made as of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." The Second Circuit has explained that pursuant to Rule 39(b), the "area open to the judge's discretion has shrunk to determining whether the moving party's showing beyond mere inadvertence is sufficient to justify relief." *Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir.1967); *Favors v. Coughlin*, 877 F.2d 219 (2d Cir. 1989). Here, plaintiff has made no showing beyond mere inadvertence that would justify granting her request for a jury trial under Rule 39(b). Plaintiff was notified about the proper procedures to demand a jury trial, but failed to follow the instructions to submit such a demand. Moreover, plaintiff has provided no reason for her failure to make a timely demand. However, since plaintiff is litigating the instant case *pro se*, the Court broadly construes her request for the Court to exercise its discretion in granting her request for a jury trial to encompass a request for relief pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure.

However, even under Rule 6(b)'s less stringent "excusable neglect" standard, plaintiff's request for a jury trial must still be denied because plaintiff provides the Court with no reason whatsoever for her more than four year delay in failing to demand a jury trial. At a minimum, even under Rule 6(b)'s more liberal test, plaintiff must proffer some reason for her fail-

ure to file a timely demand. *See Raymond v. Int'l Business Machines Corp.*, 148 F.3d 63, 66 (2d Cir.1998) (holding that the district court should examine all relevant circumstances in considering whether a party has established excusable neglect, including "prejudice ..., the reason for the delay, its duration, and whether the movant acted in good faith"); *In re Paine-Webber Ltd. Partnerships Litigation*, 147 F.3d 132, 135 (2d Cir.1998) (holding that in order to establish excusable neglect a party must provide "a reasonable basis for noncompliance"). Since plaintiff has offered no explanation for her failure to comply with Rule 38, and given the long period of time between the commencement of the action and the untimely request for relief (some four years), and the absence of any evidence (or argument) from which the Court could conclude that plaintiff acted in good faith in bringing the instant application, plaintiff's application for an enlargement of time in which to serve a jury demand pursuant to Rule 6 shall be and hereby is denied. Finally, given the Court's decision that the case should be tried to the bench and plaintiff's complaint about the Court's comment regarding the merits of her case, the Court shall recuse itself from presiding over further proceedings.

## CONCLUSION

For all of the reasons stated above, plaintiff's application for leave to serve a demand for a trial by jury shall be and hereby is denied. The Clerk of Court is directed to reassign the case for a disposition on the merits.

It is **SO ORDERED**