Thomas L. WEBBER, Appellant–
Plaintiff,

v.

Therese M. MILLER and Kenneth R.
Miller, Appellees–Defendants.

No. 02A05–0003–CV–87.

Court of Appeals of Indiana.

July 14, 2000.

Cathleen M. Shrader, Thomas M. Kimbrough, Barrett & McNagny LLP, Fort Wayne, Indiana, Attorneys for Appellant.

F. John Rogers, John O. Feighner, Mark E. Giaquinta, Haller & Colvin, Fort Wayne, Indiana, Attorneys for Appellees.

## OPINION

KIRSCH, Judge

In this interlocutory appeal, Thomas L. Webber appeals the trial court's grant of a bench trial in contravention of a pre-trial order that set the cause for a jury trial. Upon appeal, Webber claims that the trial court abused its discretion in ordering a bench trial. We agree and reverse.

### FACTS AND PROCEDURAL HISTORY

This appeal arises from a personal injury action initiated by Therese and Kenneth Miller, which resulted from a motor vehicle accident involving Therese Miller and Webber. The Millers filed their complaint on August 8, 1996, and Webber filed his answer on September 5, 1996. A request

for a jury demand pursuant to Ind. Trial Rule 38(B) was not filed with or indorsed on the pleadings by either party.

On August 25, 1998, the Millers filed their Request for a Pre-trial Conference asking that the "court schedule this matter for a pretrial conference so that a first jury trial setting and a second jury trial setting on the Civil Trial calender (sic) in the Allen Superior Court can be obtained and deadlines established for mediation, discovery and exchange of witness and exhibit lists." *Record* at 17. A Draft Pretrial Order, prepared by the Millers and containing appendices drafted by Webber, was signed by both parties and filed with the trial court. The court specifically adopted the draft in its Order Governing Trial. In relevant part, the court's order stated as follows:

> "[t]his matter is set for a *first trial setting* to the Jury for 3 days commencing at 9:00 a.m. on *February 7, 2000*. A status hearing for the first setting is scheduled for *January 14, 2000* at 9:00 a.m. in Room 317. All motions in limine, final jury instructions and final Pre-Trial Order shall be filed by close of Court *January 7, 2000*."

*Record* at 32.

Subsequently, both parties filed motions for leave to tender more than ten jury instructions, proposed jury instructions, and motions in limine. After a status conference on January 18, 2000, the trial court entered an order granting the motions in limine and delineating how voir dire should be conducted.

On February 7, 2000, the parties appeared for a jury trial. Prior to voir dire, counsel for the Millers advised the court that a jury demand had not been filed pursuant to T.R. 38(B) and requested that the case be tried to the court. The trial court held a hearing and granted the motion, finding that because the requirements of T.R. 38(D) had not been met the case would be tried to the court. In pertinent part, the trial court ruled that:

> "while the actions of the parties to this case in submitting to the Court motions in limine and proposed jury instructions were consistent with an anticipated trial by jury, and that the Final Pre-Trial Order signed by counsel for both Plaintiffs and Defendant and filed and approved by the Court makes reference to a jury trial this cause (sic), the submission of said Final Pre-Trial Order does not constitute the filing of a written agreement of all the parties to a jury trial after the time fixed in T.R. 38(B) has elapsed, particularly when one of the parties, namely Plaintiffs, are in court at the present time stating that they have not agreed to a jury trial.

> The Court further rules that its approval of the Pre-Trial Order does not constitute the granting by the Court of a trial by jury consistent with the terms of T.R. 38(D) ... due to the fact that the Court was unaware when it signed the Pre-Trial Order that there was an issue as to whether this case would be tried to a jury."

*Record* at 141. Webber petitioned the trial court to certify the order for an interlocutory appeal. The trial court certified the matter, and we accepted jurisdiction pursuant to Ind. Appellate Rule 4(B)(6).

## DISCUSSION AND DECISION

This appeal raises questions concerning the meaning of the word "agreement" for purposes of T.R. 38(D) as well as the nature of a pre-trial order. Webber claims that the trial court erred in finding that the parties' agreement in the Draft Pretrial Order was not an agreement between the parties for a jury trial under T.R. 38(D). The Millers, on the other hand, urge us to affirm the trial court's ruling. They contend that no agreement was filed with the trial court demanding a jury trial. Consequently, they claim that the failure of either party to file a demand for a jury trial under T.R. 38(B) constituted a waiver of a trial by jury pursuant to T.R. 38(D). We cannot agree with the Millers.

T.R. 38(D) provides in relevant part as follows:

"The trial court shall not grant a demand for a trial by jury filed after the time fixed in T.R. 38(B) has elapsed except upon the written agreement of all of the parties to the action, which agreement shall be filed with the court and made a part of the record. If such agreement is filed then the court may, in its discretion, grant a trial by jury in which event the grant of a trial by jury may not be withdrawn except by the agreement of all of the parties."

T.R. 38(D) vests discretion with the trial court to grant a jury trial if certain conditions are satisfied. An abuse of discretion occurs only if the decision of the trial court is clearly against the logic and effect of the facts and circumstances before it, or if the trial court has misinterpreted the law. *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind.1993). Moreover, a trial judge has control over the proceedings in court, and a duty to conduct business expeditiously and consistent with the orderly procedure and administration of justice. *Northern Ind. Public Serv. Co. v. G.V.K. Corp.*, 713 N.E.2d 842, 846–47 (Ind. Ct.App.1999), *trans. denied* (2000). We also review a trial court's decisions regarding the orderly conduct of trial for an abuse of discretion. *Id.*

The plain language of T.R. 38(D) requires that once the ten day deadline has expired for demanding a jury trial as provided by T.R. 38(B), the parties may file an agreement for a jury trial with the trial court, which in its discretion may grant a trial by jury. T.R. 38(D) does not specify the precise form the agreement should take, and the case law is silent on this particular issue. However, we find guidance from *Builders Square v. Haines*, 696 N.E.2d 453, 455 (Ind.Ct.App.1998), *trans. denied*, where we concluded that T.R. 38(B) does not require that a demand for a jury trial be contained in or on a pleading as defined by T.R. 7(A). Instead, we held it sufficient for a party to include its de-

mand in its appearance and its CCS entry form. *Id.*

Similarly, here, we find that the Draft Pre-trial Order signed by both parties was sufficient to constitute an agreement for purposes of T.R. 38(D). Both parties were responsible for drafting the Draft Pre-trial Order, and each signed the document, thereby explicitly manifesting their understanding of and agreement to the contents. The document clearly represents the undertaking of both parties and their agreement that the matter be set for a jury trial. The agreement of the parties in the Draft Pre-trial Order was an agreement of the parties for purposes of T.R. 38(D), and the trial court's approval of such agreement in its Order Governing Trial constituted approval of the agreement to try the case to a jury under T.R. 38(D).

Furthermore, the trial court's Order Governing Trial set the matter for a jury trial and adopted the Draft Pre-trial Order as the Preliminary Pre-trial Order. The law is well settled that a pre-trial order shall control the proceedings once it is entered. T.R. 16(J) provides in relevant part:

"The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleading, and the agreements made by the parties as to any of the matters considered which limit the issues for trial to those not disposed of by admissions or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice...."

We agree with Webber that to allow the trial court's order to stand would undermine the binding nature of a pre-trial order. Simply because neither the parties nor the court realized that there had been no demand for a jury trial under T.R. 38(B), and neither party specifically referenced T.R. 38(D) in the Draft Pre-trial

Order, does not change the fact that the Draft Pre-trial Order expressed the parties' intent to have the case tried to a jury. Once the trial court adopted the draft and entered its pre-trial order, such order controlled the subsequent proceedings, which ultimately were anticipated to culminate in a jury trial.

Finally, we note that rules of procedure are designed to secure the just, speedy and inexpensive determination of every action. T.R. 1. Here, for over a year, both parties proceeded with preparing their cases in anticipation of a jury trial. The parties conducted depositions of medical witnesses, filed tendered jury instructions and motions in limine, and engaged in other trial preparation in reliance on a jury trial. To uphold the trial court's ruling would be contrary to the goals set forth in T.R. 1.

For the foregoing reasons, we find that the trial court abused its discretion in ordering that the case be tried before the court rather than a jury.

Reversed.

BAKER, J., and RILEY, J., concur.